(96 App. Div. 465.)

## LOWRY v. ANDERSON CO.

(Supreme Court, Appellate Division, Fourth Department.   July 6, 1904.)

**1. MASTER AND SERVANT—MINORS—ELEVATORS—OPERATION—INSTRUCTION.**
　　Where a boy 14½ years of age, who had been employed in a mercantile establishment as a cashboy, was thereafter promoted to do routine office work, which involved the operation of an elevator at the close of each day to remove the books of the concern from the office to the vault, it was the duty of his employer to instruct him in the proper management of such elevator.

**2. SAME—CONTRIBUTORY NEGLIGENCE—PROOF.**
　　Where a boy 14½ years of age was killed while operating an elevator in a mercantile establishment in the performance of his duties, he being sui juris, no recovery could be had for his death in the absence of some evidence tending to show absence of contributory negligence.

**3. SAME—EMPLOYMENT CERTIFICATE.**
　　Labor Law (Laws 1897, p. 494) c. 415, § 162, prohibits the employment of a child under 16 years of age in a mercantile establishment, unless such child shall produce a certificate by the executive officer of the board of health, which is required to be filed in the office of the establishment in which he is employed.  *Held,* that the part of the statute requiring the filing of the certificate was directory only, and hence, where a certificate for the employment of a boy had been regularly obtained by his father, the latter's failure to file the same with his son's employer did not enlarge the latter's liability for injuries resulting in ·his death.

**4. SAME—DANGEROUS MACHINERY—OPERATION OF ELEVATOR.**
　　Laws 1897, p. 480; c. 415, § 79, prohibiting the employment of any child under 15 years of age to operate an elevator in a factory, and section 81, Laws 1899, p. 353, c. 192, prohibiting any child under 16 years of age from operating or assisting in operating dangerous machinery of any kind, apply to factories only, as distinguished from mercantile establishments.

Appeal from Trial Term, Erie County.

Action by R. J. Lowry, as administrator of the estate of Percival E. Lowry, deceased, against the Anderson Company.   From a judgment in favor of plaintiff, and from an order denying a new trial, defendant appeals.   Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

J. H. Metcalf, for appellant.
Hamilton Ward, Jr., for respondent.

SPRING, J.   The appellant is a mercantile establishment in the city of Buffalo with nearly 200 employés.   Percival E. Lowry, then a lad of 14 years and 6 months, was employed by it as a cashboy in June, 1903, and continued in its employ until September 11th following, when he met his death by falling down an elevator shaft in its store.   The elevator was in the rear of the building, and was used principally in the carriage of freight, and ran in a shaft extending from the basement up eight stories.   The power used in running it was hydraulic, and it was operated by a rope or cable running up and down the shaft.   This cable was from 1½ to 2 feet from the elevator door, and ·there was a space in the guard or fence extending its entire length, through which the one operating the elevator took

hold of the cable to move it up and down. To set it in motion or stop it required a pull of 15 or 20 pounds. The space between the platform of the elevator and the front wall was 4 inches. The office boy had been in the habit, after the close of the day's work at 6 o'clock, to place the books of the firm on a cart or truck, and take them down the passenger elevator in the basement, to be stored in the vault which was in the front part of the basement. The office had been near this elevator, but a short time before Lowry's death it had been moved adjacent to the freight elevator shaft, and between the first and second floors of the store. A door was cut through to the elevator well of sufficient width to wheel the truck or cart, with the books. Lowry was then the office boy, and, for the three days prior to his death in which this office was used, he removed the books to the basement on the truck down the freight elevator, operating it himself. About 6:30 of the evening of September 11th his dead body was found at the bottom of this elevator shaft, and the elevator was at the top of the building. The man in charge of the elevator had left his work at 6 o'clock, with the elevator in the basement, and with the doors closed. The truck used for the carriage of the books was at the vault. No one saw Lowry fall, and there is no proof as to how the catastrophe befell him. His head was crushed, and blood and brains were discovered on the frames of the door opening from the office to the elevator, and extending along the wall to the sill of the door on the second floor, and the plaster along this space was broken.

The boy had never received any instructions concerning the running of this elevator. He had used it for three or four days to remove the books to the vault. The defendant's agents knew of this usage, as the jury have found. The boy had been employed as a cashboy to run about the store, and recently had been taken into the routine office work, and to do errands connected with that branch of the store. He was without experience in the operation of an elevator, and the duty rested upon the defendant to explain to him the proper manner of managing it. Brennan v. Gordon et al., 118 N. Y. 489, 23 N. E. 810, 8 L. R. A. 818, 16 Am. St. Rep. 775. He weighed only 85 pounds, was of tender years, and the necessity for instruction especially devolved upon the defendant. Marino v. Lehmaier, 173 N. Y. 532, 66 N. E. 572, 61 L. R. A. 811; Hickey v. Taaffe, 105 N. Y. 26–36, 12 N. E. 286. We think the evidence sufficiently established the negligence of the defendant.

There is, however, no sufficient proof of the freedom from fault of the intestate. Usually what is contributory negligence is for the jury to determine, and the immaturity of Lowry; and the fact that he lost his life in the catastrophe, and that no eyewitnesses were present, are circumstances mitigating the proof required. The necessity for its production, however, still exists, and the plaintiff must present some evidence—some circumstances—warranting the conclusion that the decedent exercised care commensurate with the situation. The requirement was not met in this case. The plaintiff was nearly 15 years of age, and evidently of ordinary ability for that age. He was sui juris, and proof must be elicited directly or inferentially support-

ing the conclusion that he exercised some care. Respondent's counsel suggests that the presence of blood on the jamb of the office door and above indicates that he was pulling the rope to draw up the elevator, and his head was caught and crushed between the elevator platform and wall. Assuming the act occurred in that way, there is no proof for what purpose he drew up the elevator, or how he did it, or in what manner the accident was caused. The truck was by the vault in the basement, and there is no suggestion that the books were piled ready to be carried away. We may conjecture that he intended to get the elevator ready to go after the truck, but there are no facts or tangible inferences to sustain the surmise.

It is claimed that the appellant failed to procure and file the certificate required by the labor law (chapter 415, p. 494, Laws 1897). Section 162 of that act prohibits the employment of a child under 16 years of age in a mercantile establishment, "unless such child shall produce a certificate issued as provided in this article, to be filed in the office of such establishment." If the employer omits to comply with this provision, contributory negligence may not, as matter of law, be imputed to the child in respect to whom the omission relates. Marino v. Lehmaier, 173 N. Y. 530–534, 66 N. E. 572, 61 L. R. A. 811; Gallenkamp v. Garvin Machine Co., 91 App. Div. 141–144, 86 N. Y. Supp. 378.

Section 163 provides that:

"Such certificate shall be issued by the executive officer of the board, department or commissioner of health of the city, town or village, where such child resides or is to be employed, or by such other officer thereof as may be designated, by resolution for that purpose, upon the application of the child desiring such employment."

The application for the certificate must be accompanied with the affidavit of the parent or guardian of the child "showing the date and place of birth of such child." The contents of the certificate are prescribed in section 164 of the act, and the office or board issuing the certificate must be satisfied of the school attendance of the applicant. Section 165.

Application was made to the board of health of the city of Buffalo for a certificate permitting the boy to be employed in a mercantile establishment, and it was accompanied by the affidavit of the father of the child, and the school certificate containing the facts required by the section of the labor law cited. The certificate was signed by Dr. Gram January 14, 1903. Dr. Gram was a physician and surgeon, and registrar of the board of health. He had been designated by the department of health to issue these certificates, which had been furnished him by Dr. Greene, the health physician of the city, with his name stamped upon them. The authority of Dr. Gram was adequate, and the certificate was issued in compliance with section 163, referred to. The certificate was not filed in the office of the appellant, and was not produced on the trial. The plaintiff at the time of the employment of his son advised the defendant that the board of health had issued the certificate required by law, and he promised to bring it, but failed to do so, although the defendant several times asked the boy for it, and each time he agreed to fetch it. We ap-

prehend the failure to file the certificate does not enlarge the liability of the defendant. This part of the statute is directory, and is for the purpose of furnishing proof of compliance with the law to the officer of the board of health desiring to inspect it. Section 167. The essence of the statute is the issuing of the certificate, not its filing in the office of the employer. Where there is a substantial compliance with the provisions of this act, the onus is upon the plaintiff, in the event of injury in the discharge of his service, to show the absence of contributory negligence, precisely the same as if the statute were not in force.

There are sections of the labor law which inhibit a child under the age of 15 years operating "an elevator in a factory" (section 79), or, when under 16 years, "operating or assisting in operating" dangerous machinery of any kind (section 81, c. 192, p. 353, Laws 1899). These inhibitions, however, apply to a factory, and the distinction between a mercantile establishment and a factory is clearly recognized and defined in the act. Laws 1897, p. 462, c. 415, § 2.

The judgment and order should be reversed, and a new trial ordered.

The judgment is reversed, and a new trial granted, on questions of law and fact, with costs to the appellant to abide the event. All concur.