shall be taken in payment of the indebtedness, operates to discharge the debt; but in no case called to our attention has it been held that where a third party, at a time subsequent to the incurring of the indebtedness, and a stranger thereto, promises to pay such debt, such promise can be enforced. "If one lends money to another, and at a subsequent time a third party, who did not request the loan and is not benefited by it, promises to see that it is repaid, such promise is void, because no consideration passes." Parsons on Contracts, vol. 1 (9th Ed.) pp. 469, 470. There was no agreement between the debtor and the plaintiff that the defendant should give any notes, nor between the defendant and his sister, and there was no proof that the plaintiff was injured or the defendant benefited thereby. No forbearance on the part of the plaintiff was shown, and neither did the giving of the receipt referred to preclude the plaintiff from collecting the full amount of his claim from Mrs. De Beifore in an action brought for that purpose. The effect of her offering such receipt as evidence of part payment of the claim could easily have been explained away by showing that the same had been given upon an unfulfilled promise on the part of the defendant. In every case cited by the respondent in support of the judgment herein, the debtor was a party to the transaction, and the payment made was enforceable against the debtor by such third person upon the express or implied promise of the debtor, or was a payment by the third person of his own debt to the creditor. In the case of Kramer v. Kramer, 90 App. Div. 176, 86 N. Y. Supp. 129, a case as favorable to the plaintiff's contention as any cited, the note of a third person was held to have been given for an adequate consideration, upon the theory that it contained therein the words "for value received," and that those words, together with proof of a long-continued course of dealings between the debtor and the person giving the note, justified the jury in finding that there was a consideration, although the defendant testified that he had received none. There was no evidence that the notes in the case at bar were given for a consideration, and the judgment must be reversed.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.

---

## LEE v. STERLING SILK MFG. CO.

(Supreme Court, Trial Term, Kings County. May, 1905.)

1. MASTER AND SERVANT—EMPLOYMENT OF CHILDREN—NEGLIGENCE—VIOLATION OF STATUTE.
    Under Labor Law, § 70 (Laws 1897, p. 477, c. 415), prohibiting the employment of children under the age of 14 years in factories, the employment in a factory of a child under 14 years of age is negligence per se on the part of the employer, in case of injury to the child.

2. SAME—ASSUMPTION OF RISK—CONTRIBUTORY NEGLIGENCE.
    Under Labor Law, § 70 (Laws 1897, p. 477, c. 415), prohibiting the employment of children under the age of 14 years in factories, a child un-

der the prohibited age who is employed in a factory does not assume the risk of such employment, and cannot be held guilty of contributory negligence.

Action by Robert E. Lee, an infant under 14 years of age, against the Sterling Silk Manufacturing Company. The court directed a verdict for plaintiff, and defendant moves on the minutes for a new trial. Denied.

Towns & McCrossin, for plaintiff.
Eidlitz & Hulse, for defendant.

GAYNOR, J. Section 70 of the labor law (Laws 1897, p. 477, c. 415) provides that "a child under the age of fourteen years shall not be employed in any factory of this state"; and that a child between the ages of 14 and 16 years shall not be so employed unless a certificate of a health officer of the age, description and physical condition of such child, as prescribed by following sections, be filed in the office of the employer.

On the trial it was ruled by the court (1) that the employment of the plaintiff by the defendant in its factory made it liable for the injury to him by a machine, and (2) that by reason of the statute the questions of the plaintiff's contributory negligence and assumption of the risk of the employment could not enter into the case.

1. As to the first proposition. Either the violation of the statute is a breach of duty by employer to employee, or an act of negligence, if some will have it so phrased, which makes the employer liable, or else it is not. There can be no middle ground.

It cannot be left to the jury to find in one case that it does make him liable and in the next that it does not. That would make the question more variable than the length of the chancellor's foot, as chancellors came and went, to use a saying once very rife in chancery, concerning the exercise of discretion by different chancellors. The question is not one of fact but of law.

In the Marino Case, 173 N. Y. 537, 66 N. E. 574, 61 L. R. A. 811, which also rested on this statute, Judge Haight, after citing decisions showing that one is liable for damages done to another by an omission or violation of a statute duty of the former to the latter, says (a nonsuit having been granted):

"We therefore conclude that under the evidence and the principle of these authorities, at least a question of fact was presented for the determination of the jury."

And Chief Judge Parker says (page 537, 173 N. Y., page 575, 66 N. E., 61 L. R. A. 811):

"May not the violation of the statute in the case of injuries which could not have happened but for its violation constitute evidence of negligence to be considered by the triers of fact?"

And again (page 538, 173 N. Y., page 575, 66 N. E., 61 L. R. A. 811):

"The violation of the statute is, as against the child whom the state deems incompetent to contract for such forbidden service, a wrongful and negligent

93 N.Y.S.—36

act which by itself furnishes some evidence of negligence in cases where the accident could not have happened but for an employment to work in a factory."

That is, the "wrongful and negligent act" of employing the child is only "some" evidence that it was wrong or negligent to employ the child.

The dubious tone of these learned opinions leaves trial judges in doubt as to what to do. The violation of the statute is "some" evidence of negligence, or "at least" presents a question of fact, say these opinions. But a trial judge in charging a jury cannot be dubious, or blow both hot and cold. He has to state the law explicitly.

Where this phrase of "some evidence" was first used on this head I, do not know. It is used in McGrath v. N. Y. C. R. Co., 63 N. Y. 531, but in a way probably not misleading. It was the case of a violation of a city ordinance, like the later case of Knupple v. Knickerbocker Co., 84 N. Y. 488.

The truth is (as is apparent to our educated profession) that the violation of a duty created by a city ordinance or any other statute, is no different to a violation of a duty created by a rule of the common law. Just the same in each case, if it injures another, the wrongdoer is liable to him as a matter of law. There is no distinction whatever, as trial judges have to declare continuously. Confused verbiage is not suffered in any science to obscure plain principles. Every piece of evidence is "some evidence." An ordinance is "some evidence" in the general mass, but if A. injure B. by the violation of a duty to B. imposed by the ordinance, he is liable as matter of law; otherwise the ordinance has no weight or force in the case, and would only serve to mislead a jury, the same as an inapplicable statute or common-law rule.

To have instructed the jury in the present case that the violation of the statute was "some evidence" of the defendant's violation of the duty he owed to the plaintiff under the statute, or of his negligence, if you prefer, and that it was for them to say whether it was enough to establish the fact of liability, would have been quite absurd, it seems to me, and only a puzzle to the jury. Is it possible that it may be left to a jury to say it is enough in one case but not enough in the next case? It makes the defendant liable in every case or else in none.

2. As to the second proposition, whether the question of the child's contributory negligence, or assumption of the risk of the employment, can enter into the case.

The Marino Case decides that the effect of the statute is, at all events, to prevent the child's negligence or assumption of risk being held established as matter of law, as could have been done before the statute.

The question is whether the next step is to be taken, and it is to be held that such negligence and assumption of risk cannot be found as matter of fact, either.

In the Marino Case the court holds through the principal opinion (page 534, 173 N. Y., page 573, 66 N. E., 61 L. R. A. 811) that

"the statute in effect declares that a child under the age specified does not possess the judgment, discretion, care and caution necessary for the engagement in such a dangerous avocation, and is therefore not, as a matter of law, chargeable with contributory negligence or with having assumed the risks of the employment in such occupation."

The question there before the court was whether such negligence and assumption of risk might be held as matter of law, as the trial judge had done in dismissing the complaint, and that was all that the court decided.

But is it any more perceivable or clear that the Legislature meant that judges should not thereafter be permitted to find such negligence or assumption of risk, than that juries should not be permitted to do so, as both had been permitted to do theretofore? Is there a word or indication in the statute that the intention was to change the law in the one respect but not in the other?

The statute establishes (says our highest court) that children under 14 are not mentally fit, do "not possess the judgment, discretion, care and caution," to be suffered to assume the risk or incur the dangers to life and limb of factory work. Are the courts nevertheless going to submit to juries in each case in spite of the statute whether such children do "possess the judgment, discretion, care and caution" to assume the risks of the employment, and commit contributory negligence, and in that way allow the employer to be exonerated from the consequences of his defiance of the statute, according to the varying opinions or interests of jurors?

This is a statute which marks an epoch in the progress of humanity, and the courts should not get in its way or whittle it down, as courts have done in the past.

The cases to which I am cited by the defendant (Gallenkamp v. Garvin Machine Co., 91 App. Div. 141, 86 N. Y. Supp. 378; Lowry v. Anderson Co., 96 App. Div. 465, 89 N. Y. Supp. 107) cannot be said to have really considered, much less decided, the question.

The motion is denied.