ery. If there had been light to see that the elevator was not there,. there could be no recovery for the negligence of the decedent in not seeing that the elevator was not there. Fink v. Hartog & Beinhauer Candy Co., 98 N. Y. Supp. 393. Does the darkness make a difference? No, because it was the duty of the decedent to use all reasonable care to ascertain if the elevator was there before stepping into the shaft. That there was no light did not excuse him from this duty. On the contrary, if he could not see, it was his duty to feel, and if he had done so he could not help having found that the elevator was gone,. any more than he could if there had been light. The law cannot permit that it be left to the jury to say as a matter of fact whether it is negligence in such a case to step into an elevator shaft without first ascertaining that the elevator is there, any more than whether it is negligence to go upon a railroad crossing without looking and listening, or listening when it is not possible to look.

The order should be reversed.

Order affirmed, with costs. All concur except GAYNOR and MILLER, JJ., who dissent.

———

LEE v. STERLING SILK MFG. CO.

(Supreme Court, Appellate Division, Second Department. November 16, 1906.)

MASTER AND SERVANT—EMPLOYMENT IN VIOLATION OF LAW—INJURY TO EMPLOYÉ—NEGLIGENCE.

> The employing of a boy under 14 years old to work in a factory, in violation of Labor Law, Laws 1897, p. 477, c. 415, § 70, is not conclusive proof of negligence or absence of contributory negligence, in case of injury of the employé from machinery.

Appeal from Trial Term, Kings County.

Action by Robert E. Lee, an infant, by Joseph Lee, his guardian ad litem, against the Sterling Silk Manufacturing Company. From a judgment (93 N. Y. Supp. 560) for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before WOODWARD, JENKS, HOOKER, and RICH, JJ.

Frederick Hulse, for appellant.

Edward J. McCrossin, for respondent.

JENKS, J. The court left nothing to the jury, save an assessment of the damages and the appeal is by the defendant. The action is by an infant servant (through guardian) against his master. The complaint is that the servant when 13 years old was directed to work about dangerous machinery by the master, who knew the servant's years and gave such direction contrary to the statute, who negligently permitted parts of the machinery to fall into disrepair and become dangerous and so to remain, who neglected to tell the servant of the danger or to instruct him how to work or to inform him of the defective conditions, whereby through such neglects, and also failure to provide a

safe place to work and safe appliances, the servant's finger was caught in the machinery and crushed. The answer, aside from the admission of employment, is substantially a general denial. The position of the learned trial court, shown both by its rulings and its charge on the trial and its opinion handed down upon the motion for a new trial, is that, if the master hired the servant when under the age of 14, there could be no question of contributory negligence of the plaintiff or of the negligence of the defendant. In other words, upon proof of a hiring in violation of section 70 of the labor law, Laws 1897, p. 477, c. 415, the sole question was the amount of damages. The defendant protected itself by exceptions sufficient to raise the question whether these rulings were right.

I am of opinion that the learned court erred in excluding all testimony that bore upon the question of contributory negligence, and in holding that as matter of law the question could not be in the case. The reason is that this action is subject to the rules of common law. Caswell v. Worth. 5 Ell. & Bl. 849, approved and the doctrine reiterated in Knisley v. Pratt, 148 N. Y. 372, 42 N. E. 986, 32 L. R. A. 367. Section 70 of the labor law does not in terms declare and regulate a statutory cause of action, and, of course, does not in terms exclude the doctrine of contributory negligence. Some of the authorities which sustain my opinion that the doctrine of contributory negligence has place in such an action are McRickard v. Flint, 114 N. Y. 222, 21 N. E. 153; Freeman v. Glens Falls Paper Mill Co., 70 Hun, 530, 24 N. Y. Supp. 403, affirmed 142 N. Y. 639, 37 N. E. 567; Queen v. Dayton Coal Co., 95 Tenn. 458, 32 S. W. 460, 30 L. R. A. 82, 49 Am. St. Rep. 935; Kutchera v. Goodwillie, 93 Wis. 448, 67 N. W. 729. See, too, Thompson on Negligence, § 5360. And so in Marino v. Lehmaier, 173 N. Y. 531, 66 N. E. 572, 61 L. R. A. 811, a case which involved this statute, the court say:

"And, to our minds, the statute, in effect, declares that a child under the age specified presumably does not possess the judgment, discretion, care, and caution necessary for the engagement in such a dangerous avocation, and is, therefore, not as a matter of law chargeable with contributory negligence or with having assumed the risks of the employment in such occupation. * * * We therefore conclude that under the evidence and the principle of these authorities, at least, a question of fact was presented for the determination of the jury, and in case it should be found that the defendant was negligent and the plaintiff, under the circumstances, was not chargeable with contributory negligence, the defendant was civilly liable."

I think this position taken by the learned trial court requires the reversal of the judgment. I think that under the rule in this state the fact that the employment of one of the servant's years was in violation of the statute did not establish conclusively the negligence of the defendant. The question was discussed in Marino v. Lehmaier, supra. If I do not mistake, the ground of difference is this: The majority of the court thought that, but for a violation of the statute in the employment of the lad, the injury could not have happened, and hence it was concluded that the jury "should be permitted to consider the violation of the statute, in connection with the other facts, as evidence tending to show negligence on the part of the defendant." See

opinion of Parker, C. J., at pages 538, 539, of 173 N. Y., page 575 of 66 N. E. (61 L. R. A. 811). The minority thought that the mere employment of the lad, although in violation of the labor law, was not any proof of actionable negligence. See pages 540 and 547 of 173 N. Y., pages 575 and 578 of 66 N. E. (61 L. R. A. 811).

If I read the decisions correctly, proof of the violation of a statute or ordinance is evidence of negligence. Under the circumstances of a case it may be sufficient evidence, it may be conclusive evidence, but it is not absolutely conclusive evidence in every case so as to exclude proof tending to absolve the defendant. Knupfle v. Knickerbocker Ice Co., 84 N. Y. 438; McGrath v. N. Y. C. & H. R. R. R. Co., 63 N. Y. 522; McRickard v. Flint, supra; Donnelly v. City of Rochester, 166 N. Y. 315, 59 N. E. 989. See, too, Finnegan v. Winslow Skate Man. Co., 189 Mass. 580, 76 N. E. 192, and authorities cited. The learned trial court criticises that expression of the rule that a violation of the statute is "some evidence" of negligence. "Some" may mean indefinite or indeterminate, as opposed to definite or determinate. In other words, the violation is not determinate proof of negligence. The origin of the expression is probably in the language of the charge reviewed in Beisegel v. N. Y. Cent. R. R. Co., 14 Abb. Prac. (N. S.) 29–34. It was repeated and adopted in Knupfle v. Knickerbocker Ice Co., supra, and it has been frequently used. I find so accurate a writer as the present chief judge writes in Donnelly v. City of Rochester, supra: "Though a violation of the ordinance is not negligence per se, it is some evidence of negligence." Page 319. This rule has been the subject of criticism—e. g., Thompson on Negligence, § 11; Labatt on Master & Servant, § 799—while courts in other states have held that proof of violation is conclusive evidence. The quarrel with the rule sometimes rests upon the proposition that it clothes a jury with the dispensing power. This is the ground of Judge Thompson's criticism. Thompson on Negligence, § 11. But it is to be observed that, e. g., this statute (section 70 of the labor law), does not declare liability in damages consequent upon its violation; does not specifically provide a statutory right of action and regulate it, so that the violator of the statute must perforce of the violation respond in damages; nor does it declare that the violation should be conclusive evidence of negligence. It seems to me that the fact that the maxim "Ubi jus ibi remedium" may authorize an action does not warrant the conclusion that liability in such an action as the one at bar is conclusively established by proof of the violation of the jus. Even if we thought otherwise, it is not for us to set up another rule. Recantation or substitution is the prerogative of the Court of Appeals alone. In the case under review I have shown that the plaintiff did not declare solely upon a violation of section 70 of the labor law. His proof was not confined to the proposition that the lad was under 14, employed in a factory, and was injured while so employed. In other words, the proposition of liability did not rest upon the naked violation of the statute.

I am of opinion that the judgment must be reversed and a new trial ordered, costs to abide the event. All concur.