moval proceedings must be valid and accomplish their purpose of divesting the state court of further jurisdiction, and vest the same in the federal court. The order of removal contained no stay, and no effort was made to procure a stay by motion. The defendant being in default because of nonservice of an answer, the plaintiff had the legal right to enter judgment against the defendant for the relief demanded and the Supreme Court possessed jurisdiction which was properly exercised. Although the learned Special Term erred in its conclusion that the defendant was entitled as a matter of right to have the judgment taken by the plaintiff vacated, the application was addressed to its discretion as well as upon what was claimed to be an absolute right, and we think the facts presented are such as to require of this court an exercise of its discretion in securing to the defendant an opportunity to present its defense and have the issues heard and determined on the merits, not, however, at the risk to the plaintiff of losing or impairing his lien upon the trust fund in the hands of the Central Trust Company. The result of an affirmance of the order would be to arbitrarily take from the plaintiff—who has been guilty of no wrong—a valuable right which he has acquired as the result of diligence, and would constitute an abuse of discretion which we cannot sanction. The order must be modified so as to provide that defendant shall be given leave to answer, and that the judgment stand as security for any judgment which may be recovered by the plaintiff upon a trial upon the merits, and that all proceedings in the judgment creditor's action be stayed until the final determination of this action.

The order must be modified accordingly, with costs to the appellant. All concur.

---

### DANAHER v. AMERICAN MFG. CO.

(Supreme Court, Appellate Division, Second Department.   May 12, 1908.)

MASTER AND SERVANT—EMPLOYING CHILD—LABOR LAW—INJURY TO CHILD—NEGLIGENCE.

> Employing in a factory a child 13 years old, in violation of Labor Law, Laws 1897, p. 477, c. 415, § 70, forbidding a child under 14 years old to be so employed, is sufficient evidence of negligence of the employer to make him liable to the child's parent for loss of her services while laid up by injury from a machine in the factory.

Appeal from Municipal Court of New York.

Action by John Danaher against the American Manufacturing Company. From a judgment for plaintiff, entered on a trial without a jury, defendant appeals. Affirmed.

Argued before JENKS, HOOKER, RICH, MILLER, and GAYNOR, JJ.

Thomas F. Magner, for appellant.
Harry L. Brooks, for respondent.

GAYNOR, J.  The defendant operates a factory in which the machines are run by steam power. It employed the plaintiff's daughter to attend one of the machines. While she was at such work on July

7, 1904, her hand was caught in the machine and injured. She was born on June 8, 1891, and was therefore only 13 years and 29 days old at the time of her hurt. She brought an action for damages against the defendant but died, not of her hurt, before it was tried. This action is by her father for loss of her services while she was laid up from her hurt.

The labor law forbids that a child under 14 years of age "be employed in any factory in this state." Laws 1897, p. 477, c. 415, § 70. The contention of the defendant is that as the plaintiff violated this statute by suffering his child to work in the defendant's factory (which is the case), he cannot recover damages for her accidental injury there. This, it seems to me, must be so if the mere fact alone of her employment by the defendant in violation of the statute was enough to make the defendant liable to her as matter of law for the damages caused by her injury. But if that be not so, then no more can the fact of the plaintiff suffering such employment be in itself alone as matter of law sufficient to prevent him from recovering for loss of her services. If the one case presents a question of fact then so does the other. The violation of the statute was the same by each party, and only the same effect as matter of law can be given thereto against each. It was heretofore held at Trial Term that the fact of employing a child under 14 years of age in a factory in and of itself alone made the employer liable as matter of law in damages for the child's accidental hurt by the machinery, on the settled principle that any violation of a duty of one to another, whether created by statute or by common law, by which the latter is injured, makes the former liable in damages therefor as matter of law; and that the question of the contributory negligence of the child could not be raised to relieve the employer of such liability. Lee v. Sterling Silk Manufacturing Co., 47 Misc. Rep. 182, 93 N. Y. Supp. 560. This, however, was reversed on appeal (115 App. Div. 589, 101 N. Y. Supp. 78), it being held that the fact of the illegal employment was only a piece of evidence, or some evidence, to be submitted to the jury on the question of the defendant's negligence. Whether such fact alone would be enough to carry the case to the jury, and enable them to decide it either way, just as they chose, has not yet been decided; but it can scarcely be that the law leaves it to the jury to decide on that fact alone, for in such case a jury could find thereon for the plaintiff in one case and for the defendant in the next, and each verdict would be good. On the trial of this action, following the said decision on appeal, negligence or breach of duty of the defendant to the child outside of the violation of the statute, which was passed to protect her and all little children, was gone into and relied on by the plaintiff, viz., the proper instructions had not been given to the child in respect to the dangers of the machine, and how to avoid them; and the decision of fact below was presumably based on such evidence, since the fact of the unlawful employment is not enough to enable a trial judge to direct a verdict for the plaintiff, as was decided on appeal in the Lee Case where that single question was squarely up. It may seem strange how evidence that the child was not properly instructed and warned of the dangers of the machine, and how to avoid them while working at the machine, could be permissible when the statute

forbade that she be allowed to work at the machine or in the factory at all, but such is the state of the law.

But a majority of my Brethren are now of opinion that "upon the record" the unlawful employment alone was enough to enable judgment to be given for this father for loss of services of his child, and vote for affirmance on that ground. I do not understand that the phrase "upon the record" adds anything to or subtracts anything from the said fact; it can be no more nor less in this record than in any other record; it is the same fact everywhere and all the time. I think that the unlawful employment should be enough in an action by the injured child; but if it would have been enough in the case of this child, if her case had been tried, then it must be enough in all such cases by the injured child, and that would make the question one of law and not of fact when the child sues, which, as has been stated above, has been decided on appeal otherwise. And if the unlawful employment alone enabled the injured child to recover as matter of law, it would as matter of law logically prevent a parent who puts the child at the unlawful employment (as was done by this plaintiff) from recovering for loss of services of the child, and that would defeat this plaintiff. In the condition the law is in, I vote on the unlawful employment, and also on the other evidence, as stated above.

The judgment should be affirmed.

Judgment of Municipal Court affirmed, with costs. All concur.

JENKS, J. I concur in the result upon the ground that upon the record in this case the violation of section 70 of the labor law (Laws 1897, p. 477, c. 415) was sufficient evidence of the defendant's negligence to sustain the judgment under the rule stated by us in Lee v. Sterling Silk Manufacturing Co., 115 App. Div. 589, 591, 101 N. Y. Supp. 78.

HOOKER and MILLER, JJ., concur.