In the Matter of the Claim of VINCENT LABISH, Respondent, against THE DENOYELLES BRICK COMPANY and Another, Appellants.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, January 14, 1931.

*Hart, Senior & Nichols* [*Raymond F. Nichols* of counsel], for the appellants.

*Hamilton Ward, Attorney-General* [*E. C. Aiken, Assistant Attorney-General*, of counsel], for the respondents.

HILL, J. Claimant was injured and a schedule award was properly made against the employer and carrier. It is not questioned. He was under sixteen, and a further award has been made under section 14-a of the Workmen's Compensation Law against the employer. It was found that he had not received and

filed an employment certificate as required by section 131 of the Labor Law. The latter award is the one under consideration on this appeal.

Section 131 of the Labor Law, as amended by chapter 386 of the Laws of 1921, █ and section 631 of the Education Law, as amended by chapter 464 of the Laws of 1922, █ governed the employment of such minors. These provided that a minor should obtain a certificate stating his residence, date of birth and other descriptive items, also " the name and place of business of the prospective employer and a description of the work which the minor expects to perform," and that no minor should be employed in a manufacturing business until he had presented such a certificate to his employer. This employer manufactured bricks. No certificate had been issued to the minor to work for this employer, or in the business conducted by him, but he had previously obtained a certificate authorizing his employment as a machine boy in the plant of a different employer engaged in manufacturing clothing.

In *Lowry* v. *Anderson Co.* (96 App. Div. 465) the failure to file a certificate after one had been obtained was considered, and it is there stated: " We apprehend the failure to file the certificate does not enlarge the liability of the defendant. This part of the statute is directory and is for the purpose of furnishing proof of compliance with the law to the officer of the board of health desiring to inspect it." The statute concerning the employment of minors has been changed in many important details since the *Lowry* case was decided. Then the Labor Law, as amended by chapter 255 of the Laws of 1903, applied, and a general employment certificate was issued, containing no reference to the employer or his business. The employer was required to keep a register of his minor employees, and to have the certificates on file, but it was provided that " On termination of the employment of the child so registered and whose certificate is so filed, such certificate shall be forthwith surrendered by the employer to the child or its parent or guardian or custodian." (Labor Law [Laws of 1897, chap. 415], § 167, as amd. by Laws of 1903, chap. 255.) The same certificate could then be presented to a new employer. The infant in the *Lowry* case had received a proper certificate and it was legal for him to engage in the employment at which he worked. There had been only a failure to carry out a " directory " part of the statute which enabled the public authorities on visiting a plant, readily to ascertain the status of the minor workers. Here, the claimant was employed without a qualifying certificate. At the date of this

injury, employment certificates were required to be individual as to each employer and specific as to employment. The authorization to engage in the manufacture of clothing did not authorize the employment of the minor in the manufacture of bricks. In the *Lowry* case there was a violation of a non-essential and " directory " part of the statute — here there was a non-compliance with all of the provisions of the statutes governing employment of minors.

The award should be affirmed.

All concur.

Award affirmed, with costs to the State Industrial Board.