NORMAN SPEAR, an Infant, by JACK SPEAR, His Guardian ad Litem, Plaintiff, *v.* WILLIAM KOSHELLE, Defendant.

City Court of New York, Bronx County, January 31, 1934.

*Frank Herwig*, for the plaintiff.

*Paul Murphy*, for the defendant.

DONNELLY, J. During the summer of 1929, the infant plaintiff, then twelve years of age, was one of about seventy-five children boarding at the Maple Lake Camp, in Sullivan county, N. Y., which was conducted and operated by the defendant. The fee charged by the defendant for the infant plaintiff's board at the camp was paid.

On August 9, 1928, all of the campers assembled in the mess hall for the evening meal. The infant plaintiff occupied the seat assigned to him at one of the tables. He sat with his back toward the door of the kitchen, which adjoined the mess hall. While thus seated, and without any notice or warning, he was severely burned and scalded by a bowl of soup which was dropped on him by Sidney Smith, one of the waiters.

The bowl which contained the soup was a porcelain or pottery bowl about a foot in diameter. Smith carried the bowl in his hands. The soup in the bowl was hot. As Smith carried the bowl of soup along the mess hall, he went quite fast, at a rapid pace, toward

the table at which the plaintiff was seated, "when he stumbled and landed with the bowl right on Norman's back."

About two days before the accident, the regular waiter, Sam Guibman, burned his hands, and Sidney Smith, the boy in question, who was then twelve or thirteen years of age, volunteered to take the regular waiter's place. It is conceded by the defendant that Smith worked at the direction of the defendant.

The defendant rested at the close of plaintiff's case. For the injuries sustained by the infant plaintiff the jury awarded a verdict of $1,500.

The defendant's motions (1) to dismiss the complaint, and (2) to set aside the verdict, must be denied.

The negligence in the complaint is alleged to be, among other things, the act of the defendant in causing and permitting a person who was not of suitable age to serve the hot soup to the plaintiff. This allegation is amplified in the plaintiff's bill of particulars by describing the one who served the soup as a boy of tender and unsuitable age, and the bill of particulars further sets forth that the suitable age of a person to serve hot soup is a person of mature age and with prior experience and accustomed to act as a waiter.

The defendant's negligence was the employment of the boy, Sidney Smith.

The Labor Law (§ 130, subd. 2) provides: "No child under fourteen years of age, shall be employed in or in connection with or for any other trade, business or occupation carried on for pecuniary gain."

In *Koester* v. *Rochester Candy Works* (194 N. Y. 92) and in *Marino* v. *Lehmaier* (173 id. 530) it was held that the violation of the statute was *per se* evidence of negligence from which a jury might find the defendant liable. In each of those cases the boy employed was under fourteen years of age. In *Danaher* v. *American Mfg. Co.* (126 App. Div. 385) it was held that the violation of the Labor Law forbidding the employment of a child under fourteen was of itself sufficient evidence to sustain a judgment in plaintiff's favor. In *Kircher* v. *Iron Clad Mfg. Co.* (134 App. Div. 144; affd., without opinion, 200 N. Y. 587) the court had before it section 162 of the Labor Law prohibiting the employment of any one under sixteen years of age without a certain certificate of the health authorities, and no such certificate had been issued. The court said: "The employment in and of itself makes out a *prima facie* case of negligence against the employer, and he has to rebut it by showing justification for believing the employee to be of the lawful age." At bar, the statutory prohibition (Labor Law, § 130, subd. 2) is not a mere regulation or dependent upon some other fact, such

as obtaining a certificate of the capacity of an infant, but is absolute and unqualified. The violation of the statute is in itself a basis of liability by the employer to a person who is injured as the proximate result of his employment contrary to the provisions of the statute. In such a case the liability is *per se*. (*Karpeles* v. *Heine*, 227 N. Y. 74, 79.) At bar, whether or not the plaintiff was injured as the proximate result of the employment of the boy who waited upon him, was a question of fact for the jury, who, by their verdict, resolved that issue against the defendant.

The defendant's motions are denied, with an exception in each instance. Ten days' stay and thirty days to make and serve a case.