CHARLES W. KOESTER, an Infant, by G. TOWNLEY FRIES, His
Guardian ad Litem, Respondent, *v.* ROCHESTER CANDY
WORKS, Appellant.

Evidence — age of witness — admissions — negligence — injury to
infant claiming to have been employed in violation of Labor
Law.

A witness is competent to testify as to his own age.   A party may not only
testify as to his age, but his statements with reference thereto are admis-
sible against him.

Aside from confidential communications, admissions by a party of any fact
material to the issue are always competent evidence against him in a civil
action, and as a rule sufficient to establish a cause of action or defense.

A party is not prevented from showing such admissions on cross-examina-
tion by the fact that he first interrogated his adversary with reference
to the same subject-matter.   The rule that one cannot impeach his own
witness by contradictory statements made out of court is limited to the
case of a witness who is not the adverse party.

In an action to recover damages for personal injuries sustained by an infant
under the age of fourteen, who was claimed to have been employed
in violation of section 70 of the Labor Law (L. 1897, ch. 415), the gist
of civil liability is the negligence of the master in employing a person
of such tender years that the legislature has forbidden his employment.

On the trial of such an action the court refused to charge : " If the plain-
tiff falsely stated his age to the officers of the defendant and led them
to believe that he was actually over fourteen years of age at the time
he was hired, and if they were justified in that belief then they are not
guilty of negligence in hiring him." *Held,* error, since the employer can-
not be charged with negligence if he used proper vigilance in ascertain-
ing the facts.

*Koester* v. *Rochester Candy Works,* 122 App. Div. 894, reversed.

(Argued December 14, 1908; decided January 5, 1909.)

APPEAL from a judgment of the Appellate Division of the
Supreme Court in the fourth judicial department, entered
November 16, 1907, affirming a judgment in favor of plain-
tiff entered upon a verdict and an order denying a motion for
a new trial.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*P. M. French* for appellant.   An employer honestly believing a minor's statements as to his age and being induced thereby to hire him, cannot be charged by that minor with negligence in hiring him.   (L. 1897, ch. 415, § 70; *Marino* v. *Lehmaier*, 173 N. Y. 530; *Danahar* v. *A. Mfg. Co.*, 126 App. Div. 385; *Lee* v. *S. S. Mfg. Co.*, 115 App. Div. 589; *Bergman* v. *Niedhardt*, 37 Misc. Rep. 804; *W. & W. Mfg. Co.* v. *Jacobs*, 2 Misc. Rep. 236; *Larocque* v. *Conheim*, 42 Misc. Rep. 613; Cooley on Torts, 149; Bishop on Non-Contract Law, § 54; *Noonan* v. *Overmeyer*, 50 App. Div. 377; *Tucker* v. *N. Y. C. R. R. Co.*, 124 N. Y. 308; *Stone* v. *Dry Dock Co.*, 115 N. Y. 104.)   The trial court erred in rejecting evidence of admissions and other representations of plaintiff as to his age.   (*Reed* v. *McCord*, 160 N. Y. 340; *Gould* v. *J. H. M. L. Ins. Co.*, 114 App. Div. 312; *Ankersmit* v. *Tuch*, 114 N. Y. 51; *Converse* v. *Sickles*, 16 App. Div. 49, 52; 161 N. Y. 666; *Hall* v. *Naylor*, 18 N. Y. 588.)

*George H. Harris* for respondent.   The court committed no error in refusing to submit the question of defendant's belief to the jury.   (*Hover* v. *Barkoff*, 44 N. Y. 113; *McDonald* v. *M. S. R. R. Co.*, 75 App. Div. 559; *Goodfellow* v. *Mayor, etc.*, 100 N. Y. 118; *Gallenkamp* v. *G. M. Co.*, 91 App. Div. 147; *Marino* v. *Lehmaier*, 173 N. Y. 535; *Regling* v. *Lehmaier*, 50 Misc. Rep. 331; *Brown* v. *McCune*, 5 Sandf. 224; *Conro* v. *Birdsall*, 1 Johns. Cas. 127; *Van Winkle* v. *Ketcham*, 3 Caines, 133; *Kendall* v. *Stokes*, 2 Wend. 137; *People* v. *Kendall*, 25 Wend. 399.)   The trial court committed no error in rejecting evidence of other alleged representations of plaintiff as to his age.   (*Coulter* v. *A. U. Ex. Co.*, 56 N. Y. 585; *Smith* v. *L. V. R. R. Co.*, 177 N. Y. 382; *Tahlheimer* v. *Klapetsky*, 36 N. Y. S. R. 618; 129 N. Y. 687; *Hankinson* v. *Van Tyne*, 153 N. Y. 27; *Bullard* v. *Pearsall*, 53 N. Y. 230; *Cary* v. *Hotaling*, 1 Hill, 311; *Hall* v. *Naylor*, 18 N. Y. 589; 2 Wigmore on Ev. § 1841, subd. 3; *Crawford* v. *Blackburn*, 17 Md. 54; *Haines* v. *Guthrie*, L. R. [13 Q. B. D.] 828.)

CULLEN, Ch. J.   The action is brought, servant against master, to recover damages for personal injuries caused by the defendant's negligence.   The complaint charged the defendant, which conducted a candy factory, with employing the plaintiff, who at the time was an infant under the age of fourteen years, in the operation of dangerous machinery in violation of section 70 of the Labor Law (L. 1897, ch. 415), and that the machinery was not protected by proper safeguards as required by section 81 of that law.   The answer put in issue the extent of the plaintiff's injuries and the other allegations of the complaint, except plaintiff's employment and the character of the business carried on by the defendant.   The plaintiff recovered a verdict at the Trial Term, which has been affirmed by the Appellate Division by a divided court.

On the trial evidence was given by the plaintiff's parents as to the date of his birth, which established that at the time of the accident he was a few months less than fourteen years of age.   The defendant gave evidence to the effect that when the plaintiff sought employment he represented that he was more than sixteen years old.   In submitting the case to the jury the learned trial judge charged : " If you find that plaintiff did in fact make this statement as to his age, then you are further to inquire and determine whether defendant's agent Colebrook was justified in relying, as he says he did, upon that statement, or whether in the exercise of reasonable prudence and caution before actually hiring the plaintiff he should have made further inquiry and received further assurance and proof of the fact.   If he was not justified in relying solely upon plaintiff's representation as to his age, aided by his observation of the personal appearance of the boy, if you find he made such representation, if there was in his appearance or in any other fact coming then to the attention of this agent of defendant which has been disclosed by the evidence, which would naturally have led him to suspect that plaintiff was not telling the truth about his age, and would have led an ordinarily prudent person to make further inquiry on that subject before actually hiring the plaintiff, then those

facts are to be considered by you and given their due weight in determining whether or not this agent actually believed and was justified in believing the statement plaintiff made as to his age." This was the whole of the court's instructions on the question. The defendant requested the court to charge, " if the plaintiff falsely stated his age to the officers of the defendant and led them to believe that he was actually over fourteen years of age at the time he was hired, and if they were justified in that belief, then they are not guilty of negligence in hiring him, and the jury must dismiss that provision of the Labor Law from further consideration." This the court refused. The defendant thereupon excepted and that exception presents the first question for our consideration.

The Labor Law makes a violation of its provisions a misdemeanor, but does not give a civil remedy therefor to the party injured. Nevertheless it was held by this court in *Marino* v. *Lehmaier* (173 N. Y. 530, 534) that a violation of the statute was *per se* evidence of negligence for which a jury might find the defendant liable. It was there said by Judge HAIGHT : " We think it is very evident that these reasons induced the legislature to establish definitely an age limit under which children shall not be employed in factories ; and, to our minds, the statute, in effect, declares that a child under the age specified presumably does not possess the judgment, discretion, care and caution necessary for the engagement in such a dangerous vocation, and is, therefore, not, as a matter of law, chargeable with contributory negligence or with having assumed the risks of the employment in such occupation." Under this doctrine the gist of civil liability is the negligence of the master in employing a person of such tender years that the legislature has forbidden his employment. Therefore, if the employer, in the exercise of proper vigilance and due caution, is led to believe that the employee is above the statutory age, he cannot well be charged with negligence in employing an infant, whether such belief would be available as a defense in a criminal prosecution or not. The representation of the employee

as to his age, even if accompanied by a similar statement by his parents, is not conclusive on the question. No principle of estoppel is applicable to the case. The question always is whether the employer is justified in believing that the employee is of sufficient age to authorize his employment. For this purpose he may not rest alone on the representation of the plaintiff, but is required to exercise proper vigilance to discover the fact. What such vigilance would dictate differs in different cases. There can readily be imagined a case where the employee is of such mature appearance that the employer may naturally and properly accept his statement as to age. In other cases the appearance of the employee might be the exact reverse. No definite rule can be laid down to relieve the employer from liability in violating the statute. The jury must be satisfied that under the circumstances of the particular case the employer believed, and was justified in the belief, that the employee was of the prescribed age for work. In this respect the charge of the learned trial judge as to the circumstances under which the defendant would be liable, despite any statement by the plaintiff as to his age, was entirely correct, but the difficulty is that as to this question he submitted only one side of the case to the jury ; that is to say, what facts would render the defendant liable. The converse of the proposition, what would relieve the defendant from liability, he omitted to state, and it was simply this omission which the defendant asked to have supplied in its request to charge. The refusal was, therefore, error.

On the trial the plaintiff did not testify in his own behalf as to his age. The question, however, was asked him by the defendant on cross-examination. His testimony was in accord with that given by his parents. For the defense it was sought to prove various declarations made by the plaintiff as to his age. That made to the defendant at the time of his employment was admitted, but those made to third parties at other times were excluded. The ruling is sought to be justified by the learned counsel for the respondent on several grounds. It is first claimed that a person is not a competent

witness as to his own age, and, therefore, his declarations to that effect are also incompetent. While I can find no express decision in this state that a witness may testify to his age, as far as my experience goes the practice has been universal to permit such testimony, and I have never heard its competency challenged. The question has been, however, the subject of determination in many other states and the authorities seem to be uniform that the witness is competent. (*Hill* v. *Eldridge,* 126 Mass. 234 ; *Commonwealth* v. *Stevenson,* 142 id. 466 ; *Hancock* v. *Catholic Ben. Legion,* 69 N. J. L. 308 ; *Cheever* v. *Congdon,* 34 Mich. 296.) To the same effect is the doctrine of text books. (1 Wigmore on Evidence, § 667 ; see cases there cited.)

But even were the witness incompetent to testify to that fact from lack of personal recollection as to his birth, it would not justify the exclusion of his admission on the subject when offered in behalf of the opposite party. In *Reed* v. *McCord* (160 N. Y. 330) the plaintiff introduced in evidence a statement made by the defendant as to the details of an accident at which he was not present. It was contended that as the defendant's admissions related to facts not of his personal knowledge, they should have been excluded. It was held that the admissions were properly received.

It is sought to justify the ruling of the trial court on the further ground that the defendant by examining the plaintiff as to his age made him its own witness and could not impeach him. The limitations of the rule which forbids a party to impeach his own witness (assuming the plaintiff to have been such, which we do not decide) are well settled. He may not thereafter introduce witnesses to prove that his general reputation is bad and that he is unworthy of credit, nor can he prove statements made out of court in contradiction of his testimony on the stand, and he cannot contradict him as to collateral facts. But he may prove by competent testimony that the facts material to the issue are the exact reverse of those testified to by his witness, and may ask the jury to disbelieve his statement, and credit that of the later witnesses. When,

7

however, it is said that one cannot impeach his own witness by contradictory statements made out of court, this statement must be limited to the case of a witness who is not the adverse party. The effect of such contradictory statements in the case of other witnesses is merely to impeach the witness because they are mere hearsay and are not proof of the fact stated. The case of an adverse party is the exact reverse. " In a civil action the admissions by a party of any fact material to the issue are always competent evidence against him, wherever, whenever or to whomsoever made " (*Reed* v. *McCord*, *supra*, at p. 341), excepting, of course, confidential communications the disclosure of which is prohibited by statute, such as from client to counsel, from patient to physician, from penitent to clergyman or priest, and the like.

The cases relied upon by the learned counsel for the plaintiff as asserting a contrary doctrine are not in point. In *Thompson* v. *Blanchard* (4 N. Y. 303, 311) the plaintiff called one of the defendants, who had made default in the action, as a witness against his co-defendant, and having been disappointed in his testimony, gave evidence of contradictory statements made out of court. This was held error, but of course the declarations of the witness were not competent evidence against his co-defendant. The opinion in that case states the true rule : " But the party calling a witness is not precluded from proving the truth of a *particular fact* by any other competent testimony, in direct contradiction to what such witness may have testified." And, as already stated, the admissions of a party are always original competent evidence. In *Coulter* v. *American M. U. Ex. Co.* (56 N. Y. 585) the witness whom it was sought to contradict was not the adverse party. The situation was the same in *Fall Brook Coal Co.* v. *Hewson* (158 N. Y. 150). The misconception as to the rule arises from the failure to distinguish between declarations and the admissions of a party, which latter, though undoubtedly declarations, are also very much more. Declarations, as a general rule, are mere hearsay, and, therefore, incompetent, while admissions of a party are original evidence against the party making

them, and are as a rule sufficient to establish a cause of action or defense without further evidence of the fact.

. The judgment should be reversed and a new trial granted, with costs to abide the event.

EDWARD T. BARTLETT, HAIGHT, VANN, HISCOCK and CHASE, JJ., concur; WERNER, J., not sitting.

Judgment reversed, etc.