for "pure honey." That question was held to be a question of fact for the jury.

The judgment should be reversed.

Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event. GAYNOR, BURR, and RICH, JJ., concur. HIRSCHBERG, P. J., dissents, on the ground that a penal statute is to be strictly construed, and the one in question does not make it an offense to disclose the constituents of a product in smaller type than is used in naming it.

---

## LEE v. STERLING SILK MFG. CO.

(Supreme Court, Appellate Division, Second Department.   October 8, 1909.)

1. MASTER AND SERVANT (§ 95*)—INJURY TO SERVANT—NEGLIGENCE.

The employment of a child under 14 years old, in violation of Labor Law (Laws 1897, p. 477, c. 415) § 70, as amended by Laws 1903, p. 437, c. 184, § 1, prohibiting the employment in factories of children under 14, is some evidence of the master's negligence, independent of any other negligence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 160; Dec. Dig. § 95.*]

2. NEGLIGENCE (§ 85*)—CONTRIBUTORY NEGLIGENCE OF CHILDREN.

A child 13 years old is not presumptively non sui juris, and, in the absence of a showing to the contrary, is chargeable with the prudence commensurate with his years.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 121; Dec. Dig. § 85.*]

3. MASTER AND SERVANT (§ 230*)—INJURY TO SERVANT—CONTRIBUTORY NEGLIGENCE.

The question of the contributory negligence of a child 13 years old, injured while at work under an employment prohibited by Labor Law (Laws 1897, p. 477, c. 415) § 70, as amended by Laws 1903, p. 437, c. 184, § 1, is not confined to the obtaining of the employment, but extends to the child's conduct while at work.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 688; Dec. Dig. § 230.*]

4. MASTER AND SERVANT (§ 289*)—INJURY TO SERVANT—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

Whether a child 13 years old, injured while at work under an employment prohibited by Labor Law (Laws 1897, p. 477, c. 415) § 70, as amended by Laws 1903, p. 437, c. 184, § 1, was guilty of contributory negligence while at work, held, under the evidence, for the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1098–1105; Dec. Dig. § 289.*]

5. TRIAL (§ 261*)—INSTRUCTIONS—REQUESTS—SUFFICIENCY.

Where a requested instruction is in part good and in part bad, the court need not separate the good from the bad, and charge the good.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 660, 671; Dec. Dig. § 261.*]

6. EVIDENCE (§ 366*)—RECORDS—ADMISSIBILITY.

It is not error to exclude a legal certificate contemplated by a statute when the same is offered in evidence without a showing that the certificate was contained in any record, or that it was a copy duly attested, or that it was a verified transcript in compliance with the requirements of the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

statute, or admissible under Code Civ. Proc. § 933, relating to proof, by certified copy, of public records.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1522–1526; Dec. Dig. § 366.*]

7. MASTER AND SERVANT (§ 270*)—INJURY TO SERVANT—NEGLIGENCE—EVIDENCE —ADMISSIBILITY.

In an action for injuries to a child 13 years old received while at work under an employment prohibited by Labor Law (Laws 1897, p. 477, c. 415) § 70, as amended by Laws 1903, p. 437, c. 184, § 1, evidence that the child when he sought the employment stated that he was 15 years old was admissible.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 914; Dec. Dig. § 270.*]

Hirschberg, P. J., and Gaynor, J., dissenting.

Appeal from Trial Term, Kings County.

Action by Robert E. Lee, an infant, by Mary Lee, his guardian ad litem, against the Sterling Silk Manufacturing Company. From a judgment for defendant, and from an order denying a motion for a new trial, plaintiff appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, GAYNOR, and MILLER, JJ.

Edward J. McCrossin, for appellant.
Frederick Hulse, for respondent.

JENKS, J.  The first appeal herein is reported in 115 App. Div. 589, 101 N. Y. Supp. 78.  In the opinion I considered the various decisions pertinent, including those of our highest court, and I sought to deduce the rule as declared by that court.  I adhere to the opinion therein expressed, and for the reasons then given.  I only add citation of Koester v. Roch. Candy Works, 194 N. Y. 92, 95, 87 N. E. 77.

Upon this appeal, it is urged that the learned court erred in dealing with the following request made by the plaintiff for an instruction:

"I ask your honor to charge the jury that the employment of a boy under the age of 14 years is some evidence of negligence, independent of any other negligence.  Then, was he guilty of contributory negligence in obtaining this employment, in being set to work?  If he was not, and the jury so find, and the defendant was negligent in employing him contrary to the statute, the defendant is liable and the jury must render a verdict for the plaintiff.  (Declined other than as charged.  Exception.)"

The first sentence of the request is a correct statement of the law. Lee v. Sterling Silk Manufacturing Co., 115 App. Div. 591, 101 N. Y. Supp. 78, and authorities there cited.  But the other part of the request is bad, in that it confines the question of contributory negligence to the obtaining of employment, whereas the doctrine of contributory negligence is not thus limited in such an action (Lee v. Sterling Silk Manufacturing Co., supra, at 115 App. Div. 591, 101 N. Y. Supp. 78, and authorities cited), and the question whether the lad's negligence contributed to the accident was presented by the testimony in this case.  The plaintiff alleged that the lad was 13 years old when he entered upon employment; hence there was no presumption then that he was non sui juris (Zwack v. N. Y., L. E. & W. R. R. Co., 160.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

N. Y. 365, 54 N. E. 785, citing Tucker v. N. Y. C. & H. R. R. R. Co., 124 N. Y. 308, 26 N. E. 916, 21 Am. St. Rep. 670), and there was no contention that he was not chargeable with the care and prudence commensurate with one of his years. One of the lad's fingers was caught in the cogwheels of a machine. He testifies that he knew the danger of such contact, but that the cogwheels connected with the machine at which he worked, unlike all others in the factory, were uncovered, that he discovered a loose spindle, and, when he attempted to stop it, his finger slipped between the wheels. The defendant showed by former employés that these wheels were covered like the others; that the lad was frisking and sought to look out of a window; that he removed the tin cover of the cogwheels for easier access to the window; that he then climbed up on the steam pipes, and while doing so his hand slipped into the cogwheels which he had himself uncovered for this idle purpose. It cannot be said that there was no question of contributory negligence presented by this evidence. Hence this request was faulty, and the court was not required to take away the good part of it from the bad and to charge the good. Hamilton v. Eno, 81 N. Y. 127. I do not understand from the colloquy at the close of the evidence that the only question to be submitted to the jury was the age of this lad. Whatever the respective counsel said, the court ruled that the application of the "Labor Statute" was to be limited to so much of section 70 thereof as relates to employment of one under 14 years of age (Laws 1897, p. 477, c. 415, as amended by Laws 1903, p. 437, c. 184, § 1), but it did not intend to submit the question of such an employment only to the jury, and it did not, as the charge indicates beyond all question.

It is urged that the court erred in excluding the certificate of birth. The record in full reads that the plaintiff's counsel, after examination of the mother who testified to the birth of her son, said:

"In corroboration I offer the certificate of birth. (Objected to as incompetent and irrelevant. Objection sustained. Exception.)"

We are not informed by the record as to what the learned counsel meant by "certificate of birth." It does not appear where the lad was born in 1890, but, if we should assume that he was born in this state, and that by the term "certificate of birth" the counsel meant the legal certificate contemplated by the general statute then in force (chapter 309, p. 531, Laws 1888), it does not appear that the alleged certificate of birth was that contained in any record or that it was a copy duly attested, or that it was a verified transcript in compliance with the requirements of the said statute or admissible under section 933 of the Code of Civil Procedure. We are in complete ignorance, for the alleged certificate was not even marked for identification. In Rogers v. Jackson, 19 Wend. 385, the court say:

"Nothing is clearer than that, where proofs by certificate and the like are by statute substituted for common-law evidence, all the forms directed by the statute, whether preliminary or substantial, must be strictly complied with."

In view of the discussion in Beglin v. Metropolitan Life Ins. Co., 173 N. Y. 376, 66 N. E. 102, there is serious question whether such a certificate is competent in such an action, although the court in Davis

v. Supreme Lodge, Knights of Honor, 165 N. Y. 168, 58 N. E. 891, intimates that such record might be admissible. But see our judgment in Maher v. Empire Life Insurance Co., 110 App. Div. 727, 96 N. Y. Supp. 496. It was not improper to permit the superintendent of the defendant to testify as to the interview with the lad when he sought employment that he asked the lad his age, and that the lad said he was 15 years old. The action, as I have said, is for negligence. The plaintiff complained that the defendant employed this lad when under the statutory age, and gave evidence as to his age. This evidence was therefore competent, relevant, and material.

The judgment is affirmed, with costs.

Judgment and order affirmed, with costs. WOODWARD and MILLER, JJ., concur.

GAYNOR, J. (dissenting). 1. The statute forbids the employment of children under 14 years of age in factories. It follows that a violation of the statute is, in and of itself, sufficient to carry the case to the jury and enable a child so employed to recover of the employer damages for being injured in the work or machinery of the factory. Whether the child's contributory negligence may be considered by the jury to give a verdict for the defendant is not relevant to this point, and will be considered hereafter. In this case the learned trial judge refused to charge that the violation of the statute alone was evidence to enable a recovery to be had, and would only charge that it was "some" evidence to be considered with other evidence, all of which might suffice. As I understand it, even though all the machinery were guarded as required by law, and the employer were guilty of no negligence whatever in respect thereof, or of his place, nevertheless the mere fact of employing the child in violation of the statute would at least suffice to require the case to go to the jury. In other words, the unlawful employment in and of itself is sufficient to carry the case to the jury and support a verdict. The learned trial judge charged the contrary, however, as follows:

"The statute forbids the employment of children under 14 years of age. That, however, does not make out a case of negligence per se, as a matter of law, for it is like any ordinance or statute forbidding the doing of a thing, that if it is violated then that, together with all the other circumstances, will determine whether there was negligence or want of prudence."

Under this strange doctrine (which the learned trial judge only used by the book, however), evidence was received in behalf of the plaintiff as a basis of recovery in a child's case like this, which was recently before us, that the employer did not sufficiently instruct the child in the operation of the dangerous machine at which it was put to work and by which it was hurt. Danaher v. American Manufacturing Co., 126 App. Div. 385, 110 N. Y. Supp. 617. The statute absolutely forbids the employment of the child at all; and yet we are told that the violation of it is not sufficient to obtain a verdict for the plaintiff, but that other evidence of negligence must go with it to suffice, such as that the master did not sufficiently instruct the child of the dangers of the factory or of the particular machine, when he was forbidden by law to have the child there at all.

2. The next question is whether the contributory negligence of the child can be used to defeat the action. It seems to me not. The statute denotes the public policy of the state to be that children under 14 years of age shall not be subjected to the dangers of factory machinery. It was passed to prevent the cruel maiming of thoughtless children which was so common in factories. And are the courts to practically nullify it by saying (1) not only that the violation of the statute is not in and of itself sufficient to enable the plaintiff to recover, but also (2) that the employer may give evidence of the contributory negligence of the child to defeat a recovery? The only expression we have from our highest court so far is to the contrary. Marino v. Lehmaier, 173 N. Y. 530, 66 N. E. 572, 61 L. R. A. 811. That case was precisely this: The child plaintiff, who was between 13 and 14 years old, was non-suited by the court on the ground of contributory negligence. It was held, in substance, that the statute, by reason of the public policy it denoted, took away from the court the right to non-suit for contributory negligence. And that being so, why does it not on the same principle prevent the jury from doing the like? How does it prevent the judge and not the jury? That question was not up in the case, and nothing was said of it. Does the public policy and the humanity in which the statute had its origin permit of the suggestion that the employer may escape liability for damages to a child injured while being employed by him in violation of the statute, because the negligence of the child "contributed" to its injury by the machinery? The prohibition to employ such children at all was meant to and does eliminate all such questions.

3. The notion that the violation of a statutory duty or prohibition can only be "some" evidence, but not sufficient evidence, of liability, arises out of inadvertence, and the seizing hold of expressions in opinions that were only applicable in that case. The violation of a statute duty or prohibition is not a whit less than the violation of a common law duty or prohibition; and if the violation of a legal duty or prohibition, whether common law or statutory, causes an injury, it is not merely "some" evidence of liability, but is an absolute ground of liability in and of itself. If the statute requiring a fire escape be ignored, and a person be burned up for lack of a fire escape, how would it sound to say to a jury that the failure to furnish the fire escape is only "some" evidence of liability, and that it is for them to say if it be enough. The result would be a verdict for the plaintiff in one case and for the defendant in the next, according to the varying understanding, bias or interests of jurors. Certainly this may not be so, but the fact causing liability being undisputed, the question would be one of law and not of fact, and the jury would be left only to assess the damages. The liability would be absolute. Willy v. Mulledy, 78 N. Y. 310, 34 Am. Rep. 536. And the same principle applies to a case like this. The injury is caused by the violation of the statute, and it cannot be left to the jury to overlook or condone it, or the contrary, as they see fit, and find for the defendant in one case and for the plaintiff in the next. There are ordinances the violation of which only furnishes "some" evidence of whether the defendant's negligence was the cause of the injury; such as an ordinance limiting the speed of vehicles, for-

bidding that passengers be allowed on the front platform of a street car with the motorman, requiring unattended horses to be tied in the street, and the like. In such cases the accident might still have happened if the vehicle were going slower, if the motorman had no one by to distract him, or the horse had been tied; so that the violation cannot be said as matter of law to have caused the accident, but is only a fact ("some" evidence) to be considered with the other evidence by the jury. But if the jury are able to say that the violation alone caused the accident, then it alone suffices to require a verdict for the plaintiff; and where the same may be ruled as matter of law, the jury have nothing to do except assess the damages. If this phrase "some" evidence has been applied to cases not of this kind, it has been by inadvertence —and we have certainly arrived at a time when law should no longer be made by or rest upon inadvertences.

HIRSCHBERG, P. J., concurs.