HANS KARPELES, by JACOB KARPELES, His Guardian
ad Litem, Appellant, *v.* MARIE C. HEINE et al.,
Respondents.

Elevators — Labor Law — provision that no child under
sixteen years shall be employed or permitted to operate an
elevator — action to recover for injuries of child injured while
running an elevator — contributory negligence of child no
defense, under express provision of statute.

1. Where a statutory prohibition is not a mere regulation or
dependent upon some other fact, such as obtaining a certificate of the
capacity of an infant, but is absolute and unqualified, its violation is
in itself a basis of liability by an employer to a person who is injured
as the proximate result of his employment contrary to the provisions
thereof; and in a suit upon a cause of action thus given by statute, it is
not necessary for the plaintiff to prove negligence on the part of the
defendant, because the failure to observe the statute creates a liability
*per se,* or, as is otherwise and with less accuracy sometimes said,
is conclusive evidence of negligence.

2. The Labor Law (Cons. Laws, ch. 31, § 93) arbitrarily declares
that " No child under the age of sixteen years shall be employed
or permitted to have the care, custody or management of or to operate
an elevator either for freight or passengers." In the case of an infant
employed in violation of the direct and unqualified prohibition of
the statute public policy requires that a recovery for injuries received
by such a child in the course of his unlawful employment shall not be
defeated by the very negligence, lack of care and caution that the
statute was designed to prevent and make impossible, by prohibiting
the employment of such a child in such a capacity. Hence con-
tributory negligence on the part of the infant does not relieve the
employer from liability.

3. Plaintiff, a boy less than fourteen years of age, living in a
tenement house having an elevator, was permitted and directed by the
superintendent of the building, in the place of the regular operator
who was about to leave, to run the elevator to carry a workman to an
upper floor where he was going to work. Upon the way back, plain-
tiff stopped at the second floor and left the elevator for some purpose,
leaving the elevator door open. While he was absent the elevator
moved upward and when plaintiff returned he walked through the
open door, fell down the shaft and received the injuries for which
the action is brought. The trial court left to the jury the question

of the defendants' negligence, including their negligence arising from the violation of the Labor Law, and also the question whether the plaintiff was guilty of contributory negligence, charging the jury in substance that if the plaintiff was guilty of negligence materially contributing to the injuries received by him, he could not recover against the defendants. *Held,* error; that the plaintiff having been employed or permitted to run an elevator contrary to the express and unqualified prohibition of the statute an action for injuries arising in the course of such employment and as the proximate result thereof cannot be defeated by his contributory negligence.

*Karpeles* v. *Heine,* 180 App. Div. 375, reversed.

(Argued May 28, 1919; decided July 15, 1919.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered January 7, 1918, affirming a judgment in favor of defendants entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Charles Caldwell* for appellant. The court erred in charging that if the infant plaintiff was guilty of contributory negligence he could not recover. (*Gallenkamp* v. *Garvin Machine Co.,* 91 App. Div. 147; 179 N. Y. 588; *Kircher* v. *I. C. Mfg. Co.,* 134 App. Div. 144; 200 N. Y. 587; *Lee* v. *S. S. Mfg. Co.,* 134 App. Div. 123; *Lowry* v. *Anderson Co.,* 96 App. Div. 465; *Marino* v. *Lehmaier,* 173 N. Y. 534; *Koester* v. *R. C. Works,* 194 N. Y. 95; *Grady* v. *N. C. & C. Co.,* 153 App. Div. 405; *Welch* v. *Waterbury Co.,* 206 N. Y. 522; *Fitzwater* v. *Warren,* 206 N. Y. 358; *Johnson* v. *Fargo,* 184 N. Y. 379.)

*Lawrence B. Cohen* and *Jacob Schientag* for respondents. The court correctly charged the jury that if the infant plaintiff was guilty of contributory negligence he could not recover. (*Marino* v. *Lehmaier,* 173 N. Y. 534; *Koester* v. *Rochester Candy Works,* 194 N. Y. 95; *Stenson* v. *Flick Const. Co.,* 146 App. Div. 68; *Gelder* v. *Inter. O. T. Co.,* 150 App. Div. 184; *Bachman* v. *Little,* 152 App. Div. 811; *Orr* v. *Baltimore & Ohio R. R. Co.,* 168

App. Div. 548; *Levberg* v. *Schumacher*, 173 App. Div. 640.)

CHASE, J. The plaintiff at the times herein mentioned was a boy about two months less than fourteen years of age, living with his father and mother on the sixth floor of a tenement house, and is described as " very healthy and very smart." The house contained twenty-four apartments and the owners maintained therein an elevator for the use of the tenants. They also employed a superintendent who had authority to employ a person to run the elevator for them. The plaintiff frequently rode on the elevator, and at times sought to manipulate the crank constituting the controller thereof. On the night before the day of the accident the boy employed by the superintendent, and in charge of the elevator, notified him that he was going to leave, but his services were continued until noon of the day of the accident.

About eleven o'clock on that day there was about and near the elevator, which was standing with open door at the ground floor of the building, the superintendent, the boy who was about to leave the employ of the defendants, a boy who had called to make application for employment to run the elevator, and the plaintiff. While they were so in the hallway of the ground floor, a man who had for a long time prior thereto been employed by the tenants in the building as a window cleaner came in and entered the elevator. The plaintiff ran into the elevator and said that he would take the man up to the floor to which he was going, but the man refused to go with him. The superintendent then, referring to the plaintiff and his running the elevator, said that it was all right, and the jury could have found that he had that morning expressly told the plaintiff to take charge of the elevator. What occurred thereafter is shown by the statements of the appellant's counsel made at the opening of the trial as follows:

" He took the window cleaner up to the third floor and evidently must have come back to the second floor and gotten out of the elevator for some purpose and then when he went back into the elevator, the elevator having left in the meantime, he fell down the elevator shaft two flights to the basement."

The window cleaner testified that the plaintiff took him to the third floor and opened the door and that he (the window cleaner) immediately left the elevator and entered an apartment and did not know of the accident until some time thereafter. While those remaining in the ground floor hallway were waiting, they heard a noise and thereupon investigated and found that the elevator shaft doorway on the second floor was open and that the elevator was slowly moving upwards on its way to the top of the building. The plaintiff was found on the floor of the basement seriously injured. The elevator was subsequently found at the sixth (top) floor. The door leading from the elevator shaft to the hallway on the sixth floor and all other doors except that on the second floor were closed. There is evidence that the elevator had for some reason from time to time slowly moved upwards from the position in which it had been left, the same as it did on the day of the accident to the plaintiff.

The plaintiff testified that he did not remember about the accident except that he remembers opening the elevator door and going out.

The question of the defendants' negligence, including their negligence arising from the violation of section 93 of the Labor Law (Chapter 31 of the Consolidated Laws), and also the question whether the plaintiff was guilty of contributory negligence, were left to the jury and it found a verdict for the defendants.

The question is presented on this appeal whether it was error for the court to charge the jury in substance that if the plaintiff was guilty of negligence materially

contributing to the injuries received by him, he cannot recover against the defendants.

Apart from recent statutes the rule is quite universal that one cannot recover for personal injuries arising from the negligence of a third person where they were caused in part by the negligence of the person injured. At common law contributory negligence of a person injured is a bar to a recovery of damages alleged to have been caused by the negligence of another.

Except where a child is so young as to be incapable of exercising judgment or discretion the law of contributory negligence applies when the person injured is an infant the same as when he is an adult, although the age, judgment, intelligence and experience of the child must be taken into account in determining whether he was negligent. (*Ihl* v. *Forty-second Street, etc., R. R. Co.,* 47 N. Y. 317; *Honegsberger* v. *Second Ave. R. R. Co.,* 1 Keyes, 570.)

A person under the age of sixteen years has not the experience or mature judgment of an older person. The statute arbitrarily declares that " No child under the age of sixteen years shall be employed or permitted to have the care, custody or management of or to operate an elevator either for freight or passengers." (Sec. 93.) The prohibition is without qualification or condition. It was enacted to wholly prevent a person of such immature age from running an elevator and exposing himself to the danger incident thereto and at the same time to relieve persons who are carried on an elevator from the danger which would result from committing the care, custody, management or operation of the elevator to a person under sixteen years of age.

It is based upon the legislative determination that a person under sixteen years of age has not the experience, judgment or caution required of one who is to assume the care, custody, management or operation of an elevator.

The employment of a person under sixteen years of

age to run an elevator is unlawful. Where a statutory prohibition is not a mere regulation or dependent upon some other fact, such as obtaining a certificate of the capacity of an infant, but is absolute and unqualified, its violation is in itself a basis of liability by the employer to a person who is injured as the proximate result of his employment contrary to the provisions thereof. In such a case the liability is *per se.* (*Amberg* v. *Kinley*, 214 N. Y. 531; *Koester* v. *Rochester Candy Co.*, 194 N. Y. 92.)

" In a suit upon a cause of action thus given by statute, it is not necessary for the plaintiff to prove negligence on the part of the defendant, because the failure to observe the statute creates a liability *per se*, or, as is otherwise and with less accuracy sometimes said, is conclusive evidence of negligence. (*Jetter* v. *N. Y. & H. R. R. Co.*, 2 Abb. Ct. App. Dec. 458; *Racine* v. *Morris*, 201 N. Y. 240; *Watkins* v. *Naval Colliery Co.*, L. R. [1912] App. Cas. 693; 27 Halsbury's Laws of England, 192.)

" Whether a statute gives a cause of action to a person injured by its violation, or whether it is intended as a general police regulation and the violation made punishable solely as a public offense, ' must to a great extent depend on the purview of the legislature in the particular statute and the language which they have there employed.' (*Atkinson* v. *New Castle & Gateshead W. W. Co.*, L. R., 2 Exch. Div., 441; *Taylor* v. *L. S. & M. S. R. R. Co.*, 45 Mich. 74.)

" Actions to recover damages for the breach of a statutory duty are not to be confounded with those based solely on negligence. In the latter class of cases the violation of a statute or an ordinance, if it has some connection with the injuries complained of, is evidence more or less cogent, of negligence which the jury may consider with all the facts proved." (*Amberg* v. *Kinley*, *supra*, p. 535.)

Liability for injuries to a child in the course of his

employment contrary to the provisions of a statute which says in substance that he shall not under any circumstances be so employed arises from the disobedience of the statute and the purpose and intent thereof. (*Koester* v. *Rochester Candy Co., supra.*)

In the case of an infant employed in violation of the direct unqualified prohibition of the statute public policy requires that a recovery for injuries received by such a child in the course of his unlawful employment shall not be defeated by the very negligence, lack of care and caution that the statute was designed to prevent and make impossible, by prohibiting the employment of such a child in such a capacity. (*Strafford* v. *Republic Iron & Steel Co.,* 238 Ill. 371; *Stehle* v. *Jaeger Automatic Machine Co.,* 220 Penn. St. 617; S. C., 225 Penn. St. 348; *Inland Steel Co.* v. *Yedinak,* 172 Ind. 423.)

The statements made herein as to the liability of the employer rest upon the unqualified prohibition of the statute against employing a person under sixteen years of age and are not intended to extend to other cases to which the reasoning herein does not fairly apply.

Where a person under sixteen and over fourteen years of age is employed for certain purposes without the certificate required by statute (Labor Law, secs. 162 and 163) it has been held that his contributory negligence will defeat a recovery for injuries incurred while so employed. (*Fortune* v. *Hall,* 122 App. Div. 250; affd., 195 N. Y. 578.)

The failure of an employee to obey the statute directing in regard to machines and machinery and the employment of labor, while some evidence to go to a jury on the ground of negligence, does not preclude evidence of contributory negligence on the part of the person injured.

In *Amberg* v. *Kinley* (*supra*) this court held that the failure to put fire escapes on a factory is conclusive evidence of negligence on the part of the employee who was lawfully employed. Yet if an employee was negligent

and such negligence contributed to his injuries, he could not recover because of the violation of the statute relating to fire escapes. The employment in that case was not in itself illegal or contrary to express prohibition. In no case is the negligence of the employer necessarily sufficient to sustain a recovery for there always remains the question whether the employment was the proximate cause of the injury. It is claimed by both parties hereto that this court has decided in accordance with their claims respectively in regard to contributory negligence of a child employed in violation of the statute. The principal cases in this court cited by the parties are as follows: *Marino* v. *Lehmaier* (173 N. Y. 530); *Gallenkamp* v. *Garvin Machine Co.* (91 App. Div. 141; reversed, on dissenting opinion in Appellate Division, 179 N. Y. 588); *Koester* v. *Rochester Candy Co.* (194 N. Y. 92, 95); *Kircher* v. *Ironclad Mfg. Co.* (134 App. Div. 144; affd., 200 N. Y. 587).

In *Marino* v. *Lehmaier* (173 N. Y. 531) the plaintiff was employed in violation of a statute. (Laws of 1897, chap. 415, sec. 70.) He was injured while engaged in cleaning a feeder of a printing press. He brought an action to recover his damages but was nonsuited. On appeal the Appellate Division reversed the judgment of the trial court and granted a new trial. On appeal to this court therefrom judgment was ordered for the plaintiff on the stipulation given on taking the appeal. In the prevailing opinion in this court it is said:

" That a child under the age specified presumably does not possess the judgment, discretion, care and caution necessary for the engagement in such a dangerous avocation and is, therefore, *not as a matter of law* chargeable with contributory negligence or with having assumed the risks of the employment in such occupation." (p. 534.)

Whether a finding of fact by a jury that the plaintiff

6

was guilty of contributory negligence in connection with the accident would have defeated his recovery was not involved in the Appellate Division or in this court.

In *Gallenkamp* v. *Garvin Machine Co.* (91 App. Div. 141) the plaintiff was over fifteen and under sixteen years of age and was injured while engaged in putting tools into a conveyor consisting of an endless chain carrying metallic pans upon which the tools were placed. He brought an action for his damages. His complaint was dismissed at the Trial Term. At the Appellate Division it was held that the question whether the conveyor was a dangerous machine and whether the plaintiff was guilty of contributory negligence were for the jury and reversed the judgment of the Trial Term and granted a new trial. In the Appellate Division two of the judges dissented and in the dissenting opinion it was held that the plaintiff being over fifteen years of age was not employed in violation of the statute unless the plaintiff was at the time of the accident engaged in operating a dangerous machine. The dissenting judges further held that the accident happened, not because of a violation by the defendant of any duty which it owed the plaintiff either under the Labor Law or otherwise, but by a voluntary and unnecessary exposure by the plaintiff. On appeal to this court (*Gallenkamp* v. *Garvin Machine Co.*, 91 App. Div. 141; 179 N. Y. 588) the judgment of the Appellate Division was reversed and the judgment of the Trial Term affirmed on the dissenting opinion in the court below. In that opinion it was said: " In relation to the employment of minors, section 70 provides that ' A child under the age of fourteen years shall not be employed in any factory in this state.' This is a positive prohibition a violation of which is a misdemeanor (Penal Code, § 384l, now § 1275) and is evidently based upon the assumption that no child under the age of fourteen years is competent to work in a factory without danger to the child or the co-employees * * * *and in such case negligence of the*

*child in operating machinery which caused the injury would not defeat the cause of action.* It is the employment of a child in a factory in violation of the statute that is the wrongful act which imposes the liability; and unless the minor can be said by his negligence to have contributed to the act of employment *the question of contributory negligence is not involved."* (p. 147.)

In *Koester* v. *Rochester Candy Works* (194 N. Y. 92) the plaintiff was an infant under the age of fourteen years and it was claimed that he had been employed in violation of section 70 of the Labor Law and had been injured while so employed. He brought an action for damages and recovered in the trial court. The judgment thereon was affirmed in the Appellate Division. On appeal to this court it is said the Labor Law makes a violation of its provisions a misdemeanor nevertheless a violation of the statute is *per se* evidence of negligence for which a jury may find the defendant liable. It does not appear that the question of contributory negligence was considered, but the court held that the judgment should be reversed because of error in the refusal of the court to charge that if the plaintiff falsely stated his age to the officers of the defendant and led them to believe that he was actually over fourteen years of age at the time he was hired and they were justified in that belief they were not guilty of negligence in hiring him.

In *Kircher* v. *Ironclad Mfg. Co.* (134 App. Div. 144; affirmed without opinion, 200 N. Y. 587) the plaintiff was between fourteen and fifteen years of age and was employed in a mercantile establishment without procuring a certificate from the health authorities as provided by section 162 of the Labor Law. He was killed and an action was brought by his administrator which resulted in a verdict for the plaintiff which was affirmed by the Appellate Division and by this court. In the prevailing opinion it is said that it is strongly urged by the defendant that a nonsuit should have been granted for the reason

that there was no evidence showing that the deceased was free from contributory negligence, and in a dissenting opinion it is said: "To affirm the order denying a motion for a new trial in this case we must be prepared to hold that the mere fact of employment contrary to the provisions of the Labor Law is conclusive evidence both of defendant's negligence and the freedom from contributory negligence of plaintiff's intestate." (p. 148.) In considering that case it must be borne in mind also that the plaintiff's intestate was not employed in violation of an unqualified prohibition against the employment.

The exact question now before us, although several times presented in the Appellate Division, has never been directly or necessarily decided by this court. It is open for an authoritative statement at this time and we hold that the plaintiff having been employed or permitted to run an elevator contrary to the express and unqualified prohibition of the statute an action for injuries arising in the course of such employment and as the proximate result thereof cannot be defeated by his contributory negligence.

The judgments should be reversed and a new trial granted, with costs to abide the event.

Hiscock, Ch. J., Collin, Cuddeback, Hogan, McLaughlin and Crane, JJ., concur.

Judgments reversed, etc.