Breitel, J.
 

 In an action for personal injuries, plaintiff appeals. The injuries occurred when a 13-year-old boy, hired by a building contractor to mow a lawn of a new house for
 
 *408
 
 sale, used his father’s power lawnmower and accidentally amputated three toes. The principal issues are whether section 130 of the Labor Law, prohibiting the employment of children, is applicable; and whether the statute imposes liability, regardless of contributory negligence.
 

 After a jury trial in the Supreme Court judgment was rendered in favor of defendant. The Appellate Division affirmed. There should be a reversal and a new trial because the trial court refused to charge the applicability of section 130.
 

 On May 25, 1963 Jerry Riggi, defendant building contractor’s president, asked Howard Vincent, the injured boy, and another taller boy if they wanted to make some money. When they indicated they were
 
 ‘
 

 [1]
 

 happy ’ ’ about the opportunity, Mr. Riggi told them, “ If you want to cut the lawn go right ahead.” Mr. Riggi pointed out the lawn of a newly-constructed house that had not yet been sold. There was no discussion, however, as to how or when the job was to be done or as to the rate of pay.
 

 Mr. Riggi and his firm had built all the houses in the area, over 200 in number. The mowing of this one lawn, however, .was the only task Howard did for Mr. Riggi.
 

 A few days after speaking to Mr. Riggi, Howard borrowed his "father’s rotary power lawnmower, which he had used on other occasions, and began to mow the lawn. The lawn sloped gently towards the street. One time when he reached the street and started to pull the lawnmower back away from the curb, his foot slipped under the mower amputating three toes.
 

 Mr. Riggi did not learn of the accident until several days later. He had noticed that the lawn had not been cut, and “was planning to get somebody else”.
 

 The case was submitted to the jury, with exception, on a common-law negligence theory. Over plaintiffs’ objections, moreover, the court refused to charge the provisions of section 130 of the Labor Law.
 

 The jury returned a verdict for defendant. In response to special interrogatories submitted by the court, the jury found defendant free from negligence. and Howard guilty of contributory negligence. The jury also found that Howard was an independent contractor and not an employee.
 

 
 *409
 
 Plaintiff contends that the employment of Howard violated section 130 and that the jury should have been charged that the violation creates ‘ ‘ absolute ’ ’ liability without regard to negligence or contributory negligence.
 

 At the time of the accident section 130 of the Labor Law provided: “ Employment of minors under fourteen years of age. 1. No minor under fourteen years of age shall be employed in or in connection with any trade, business, or service, except as otherwise provided in this section. 2. Exceptions. Nothing in this section shall be construed to prohibit the employment of: a. A minor under fourteen years of age as a child performer in compliance with sections four hundred eighty-five and four hundred eighty-five-a of the penal law, and section thirty-two hundred sixteen-a of the education law. b. A boy twelve or thirteen years of age as a newspaper carrier boy in compliance with section thirty-two hundred nineteen-a of the education law. c. A minor twelve or thirteen years of age by his parents or guardians, either on the home farm or at other outdoor work not connected with or for any trade, business, or service, when attendance upon instruction is not required by the education law. d. A minor over twelve years of age who presents a farm work permit, in assisting in the hand work harvest of berries, fruits and vegetables, for a period of four hours in any work day between the hours of nine o’clock in the forenoon and four o’clock in the afternoon and at times when school is not in session and the minor is accompanied by a parent or has presented the written consent of a parent or party with whom he resides to the employer.” “ Employed ” is elsewhere defined to include those “permitted or suffered to work ” (Labor Law, § 2, subd. 7). The language has been construed to include independent contractors. Thus, in
 
 Koenig
 
 v.
 
 Patrick Constr. Corp.
 
 this court interpreted a similar phrase “ employing or directing another to perform labor of any kind” as covering both employees and independent contractors (298 N. Y. 313, 316-317). Indeed, in
 
 Bernal
 
 v.
 
 Baptist Fresh Air Home Soc.
 
 (275 App. Div. 88, 95, affd. 300 N. Y. 486), concerned both with section 130 and section 2 (subd. 7), the phrase “permitted or suffered to work ” was interpreted as including children employed by a subcontractor when the principal had knowledge of the employment (see, also,
 
 Clark
 
 v.
 
 *410
 

 Arkansas Democrat Co.,
 
 242 Ark. 133, 135, interpreting the phrase “ employed or permitted to work” of a child labor statute as covering an independent contractor).
 

 The phrase “ employed in or in connection with any trade, business, or service ” includes the hiring by a building contractor of a boy to mow a lawn of a house for sale. The scope of subdivision 1 of section 130 is indicated by the nature of the exceptions, found in subdivision 2, necessary to avoid the prohibition. In particular paragraph c makes an exception for farm or other outdoor work performed for a parent or guardian. Even this exemption is lost for nonfarm, commercial work. If work performed for a commercial building contractor, even if unskilled and of short duration, were to be excluded, another provision excepting this employment would be required.
 

 The casual and even trivial nature of the employment makes no difference. In
 
 Warney
 
 v.
 
 Board of Educ.
 
 (290 N. Y. 329) the court held the prohibition applicable to the employment of a 12-year-old girl in a school lunchroom. Her tasks included shelving dishes in exchange for a 15-cent lunch each day. The school lunch program was required to be self-supporting. The court found the cafeteria was a “‘service’ of some kind”, and that the self-supporting requirement made it commercial, bringing it within the statutory prohibition. (290 N. Y., at pp. 334-336.)
 

 Although
 
 Ludwig
 
 v.
 
 Lowe
 
 (29 A D 2d 267, affd. 25 N Y 2d 853) distinguished the rule in the
 
 Warney
 
 case (290 N. Y. 329,
 
 supra),
 
 it in effect emphasizes the applicability of the rule to the facts in this ease. In
 
 Ludwig
 
 the prohibition was held not to apply where a child aided his half-brother in constructing á house for himself. The court stated that ‘ ‘ the child labor legislation encompasses only those activities incidental to a business or commercial establishment and not those carried on by a relative out of a sense of family loyalty” (29 A D 2d, at p. 271). Applying the test in the
 
 Ludwig
 
 case, Howard’s employment was “incidental to a business or commercial establishment”. The lawn mowing job. was incidental to the business of building and selling houses. Although no general practice of hiring boys to mow lawns was proved, if this employment were allowed, hiring boys might well be
 
 *411
 
 inexpensive enough to become a regular business practice. It is in this sense that this employment, unlike the usual employment of boys by homeowners to mow lawns and to perform other odd chores, is prohibited by the statute.
 

 The analysis thus far is supported by the statutory scheme which reveals a detailed rational classification of child employment in the context of hazards, and, independently of hazards, limiting the commercial exploitation of children. At the same time, a purpose in protecting children from their own negligence is revealed.
 

 The statutory scheme contains three types of provisions. Section 130, set forth above, contains the blanket prohibition against the employment of minors under 14, followed by certain limited exceptions. Sections 131 and 132 provide for the employment of minors 14 to 17 in specified occupations, some requiring work permits. For example, 14- and 15-year-olds may do yard work not involving the use of power-driven machinery (Labor Law, § 131, subd. 3, par. a, cl. [3]). Children 16 and 17 years old may do the same work, but they are permitted to use power-driven machinery ordinarily used for yard work (Labor Law, § 132, subd. 3, par. a, cl, [4]). Finally, section 133 prohibits the employment of minors under 16, 18, ór 21 from being employed in certain listed occupations, for the most part quite dangerous. The specific prohibitions of section 133 overlap the broader prohibitions for younger children in sections 130, 131, and 132. Not all dangerous occupations are listed in section 133. Moreover, the statutory scheme, as indicated by the example of power-driven yard equipment reflects the premise that some tasks are more dangerous for the younger age groups.
 

 Child labor statutes concerned with particular activities have been construed as making the employer liable, regardless of contributory negligence, thus protecting the class of children from their own negligence
 
 (Karpeles
 
 v.
 
 Heine,
 
 227 N. Y. 74, 78-84;
 
 Genud
 
 v.
 
 Tauber,
 
 67 Misc 2d 682, 685;
 
 Boyles
 
 v.
 
 Hamilton,
 
 235 Cal. App. 2d 492, 496-498;
 
 Sanitary Laundry Co.
 
 v.
 
 Adams,
 
 183 Ky. 39, 40-41;
 
 American Car Co.
 
 v.
 
 Armentraut,
 
 214 Ill. 509, 512-513;
 
 Inland Steel Co.
 
 v.
 
 Yedinak,
 
 172 Ind. 423, 431;
 
 Dusha
 
 v.
 
 Virginia & Rainy Lake Co.,
 
 145 Minn. 171, 172-173, and cases cited;
 
 Rookstool
 
 v.
 
 Cudahy Packing Co.,
 
 
 *412
 
 100 Neb. 118, 123;
 
 Lenahan
 
 v.
 
 Pittston Coal Min. Co.,
 
 218 Pa. 311, 314;
 
 Pitzer
 
 v.
 
 Tomkies,
 
 136 W. Ya. 268, 274-275; Restatement, 2d, Torts, § 483, comments
 
 e, f;
 
 Prosser, Law of Torts [4th ed.], pp. 425-426, 538; Ann., Contributory Negligence — Statute, 10 ALR 2d 853, 855-857; Prosser, Contributory Negligence as Defense to Violation of Statute, 32 Minn. L. Rev. 105, 119-120; cf.
 
 Van Gaasbeck
 
 v.
 
 Webatuck Cent. School Dist.,
 
 21 N Y 2d 239, 244-245;
 
 Koenig
 
 v.
 
 Patrick Constr. Corp.,
 
 298 N. Y. 313, 317-319,
 
 supra; Amberg
 
 v.
 
 Kinley,
 
 214 N. Y. 531, 540-541;
 
 Gallenkamp
 
 v.
 
 Garvin Mach. Co.,
 
 179 N. Y. 588, revg. 91 App. Div. 141 on the dis. opn.; but see
 
 Dashinsky
 
 v.
 
 Santjer,
 
 32 A D 2d 382, 387-388, compare 386 with 387-388;
 
 Lee
 
 v.
 
 Sterling Silk Mfg. Co.,
 
 134 App. Div. 123, 125;
 
 Murphy
 
 v.
 
 Elmwood Country Club,
 
 50 N. Y. S. 2d 331, 332; and for earlier rule, see
 
 Marino
 
 v.
 
 Lehmaier, 173
 
 N. Y. 530, often cited to establish a kind of strict liability but in fact limited to holding that the violation of a child labor statute, the predecessor to section 130, alone is evidence of negligence' and stating that the child may not be guilty of contributory negligence as a matter of law). Where the question has arisen, child labor statutes broadly prohibiting, but for stated narrow exceptions, the employment of infants under 14 years of age have also been construed as eliminating the defense of contributory negligence
 
 (Clark
 
 v.
 
 Arkansas Democrat Co.,
 
 242 Ark. 133, 137,
 
 supra; Terry Dairy Co.
 
 v.
 
 Nalley,
 
 146 Ark. 448, 454-456;
 
 Pitzer
 
 v.
 
 Tomkies,
 
 136 W. Va. 268, 274-275,
 
 supra).
 

 Although the availability of contributory negligence has not been determined in an action based on section 130, liability, regardless of contributory negligence, was imposed under former section 70, the predecessor to section 130. The old statute provided that ‘ ‘ A child under the age of fourteen years shall not be employed in any factory in this state.’’
 
 [1]
 
 Construing the statute, this court in
 
 Gallenkamp
 
 v.
 
 Garvin Mach. Co.
 
 (91 App. Div. 141, revd. 179 N. Y. 588, supra) adopted the dissenting opinion at the Appellate Division. The dissenter at the Appellate Division had stated: “ [N]egligence of the child in operating the machinery which caused the injury would
 
 *413
 
 not defeat the cause of action. It is the employment of a child in a factory in violation of the statute that is the wrongful act which imposes the liability; and unless the minor can be said by his negligence to have contributed to the act of employment, the question of contributory negligence is not involved.” (91 App. Div., at p. 147). Inexplicably, the Appellate Division in another department later ignored the
 
 Callenkamp
 
 case when, interpreting former section 70, it held that contributory negligence of the minor was a defense (see
 
 Lee
 
 v.
 
 Sterling Silk Mfg. Co.,
 
 134 App. Div. 123,
 
 supra).
 
 The
 
 Lee
 
 case was not appealed. Subsequently, in the
 
 Karpeles
 
 case (227 N. Y. 74,
 
 supra),
 
 dealing with the more limited prohibition against the use of children as elevator operators, this court quoted with approval the above language from the
 
 Callenkamp
 
 case, and observed that contributory negligence of the child was not a defense (227 N. Y., at pp. 82-84). The issue has not been revisited by this court since.
 

 It is quite true that the original child labor statutes were passed at a time when children were often employed for long hours at low wages to the detriment of their health, education, and general upbringing. Circumstances have changed. Children nowadays may be handicapped instead by the lack of opportunity for work experience at an early age. The ends sought by the statute have necessarily shifted. But one purpose remains unchanged, that of preventing the injury and maiming of young children.
 

 As stated in
 
 Karpeles
 
 (227 N. Y. 74, 80,
 
 supra)
 
 involving the employment of a minor as an elevator operator:
 
 “
 
 In the case of an infant employed in violation of the direct unqualified prohibition of the statute public policy requires that a recovery for injuries received by such a child in the course of his unlawful employment shall not be defeated by the very negligence, lack of care and caution that the statute was designed to prevent and make impossible, by prohibiting the employment of such a child in such a capacity [citations omitted].” Since the jury was charged that contributory negligence was a defense, theré must be a new trial.
 

 The jury found that defendant was not negligent, but this finding is irrelevant. In its charge to the jury the trial court defined negligence in terms of a defective condition of the
 
 *414
 
 premises known
 
 to the
 
 defendant.
 
 Nothing
 
 was said about the hiring of the boy in violation of the statute. At the very least, a violation of section
 
 ISO
 
 establishes fault, however stated, whether as negligence per se, liability per se, or negligence as a matter of law.
 

 Upon a new trial the question may arise whether the issue of the employer’s knowledge of the employee’s age should be submitted to the jury. The leading case,
 
 Koester
 
 v.
 
 Rochester Candy Works
 
 (194 N. Y. 92), states: “ [I]f the employer, in the exercise of proper vigilance and due caution, is led to believe that the employee is above the statutory age, he cannot well be charged with negligence in employing an infant, whether such belief would be available as a defense in a criminal prosecution or not. The representation of the employee as to his age, even if accompanied by a similar statement by his parents, is not conclusive on the question. No principle, of estoppel is applicable to the case. The question always is whether the employer is justified in believing that the employee is of sufficient age to authorize his employment. For this purpose he may not rest alone on the representation of the plaintiff, but is required to exercise proper vigilance to discover the fact. What such vigilance would dictate differs in different cases. There can readily be imagined a case where the employee is of such mature appearance that the employer may naturally and properly accept his statement as to age. In other cases the appearance of the employee might be the exact reverse. No definite rule can be laid down to relieve the employer from liability in violating the statute. The jury must be satisfied that under the circumstances of the particular case the employer believed, and was justified in the belief, that the employee was of the prescribed age to work.”
 
 (id.,
 
 at pp.
 
 95-96).
 
 The
 
 Koester
 
 case was explained in
 
 Matter of Sackolwits
 
 v.
 
 Hamburg & Co.
 
 (295 N. Y. 264) to mean that the employer “ could be held liable for failing to exercise due care in ascertaining the facts as to the worker’s age * * * [T]here was no negligence if the employer had made proper inquiries ”
 
 (id.,
 
 at p. 269). In each of the cases in which the issue was raised, it was argued that the defendant should be excused of liability as a matter of law for lack of knowledge of the child’s age, whether because of the child’s
 
 *415
 
 misrepresentations or other circumstances, and, in each instance, the court held the question was at least one for the jury
 
 (Koester
 
 v.
 
 Rochester Candy Works,
 
 194 N. Y. 92,
 
 supra; Kircher
 
 v.
 
 Iron Clad Mfg. Co.,
 
 134 App. Div. 144, affd. 200 N. Y. 587;
 
 Filipowicz
 
 v.
 
 American Mfg. Co.,
 
 175 App. Div. 900;
 
 Solomon
 
 v.
 
 Royal Art Glass Co.,
 
 83 Misc. 53, 55-56). Consequently, in this State the issue is generally one of fact for the jury.
 
 [2]
 

 Accordingly, the order of the Appellate Division should be reversed and a new trial granted, with costs.
 

 Chief Judge Fuld and Judges Burke, Scileppi, Bergan, Jasen and Gibson concur.
 

 Order reversed, etc.
 

 [1]
 

 . Factory employment is now prohibited entirely through age 15 (Labor Law, § 131, subd. 2),
 

 [2]
 

 . Outside New York, the uniform rule appears to be that in ease of violation of a child labor statute, the employer must ascertain the age of the child at his peril, diligence in questioning the child being no defense
 
 (Terry Dairy Co.
 
 v.
 
 Nalley,
 
 146 Ark. 448, 459-460, supra;
 
 Sanitary Laundry Co.
 
 v.
 
 Adams,
 
 183 Ky. 39, 41—42, supra;
 
 American Car Co.
 
 v.
 
 Armentraut,
 
 214 Ill. 509, 514, supra;
 
 Dusha
 
 v.
 
 Virginia & Rainy Lake Co.,
 
 145 Minn. 171,174, supra; Prosser, Contributory Negligence as Defense to Violation of Statute, 32 Minn. L. Rev. 105, 119,
 
 supra).