### TAPLIN-RICE-CLERKIN CO v McMAHON et

Ohio Appeals, 9th Dist. Summit Co

No 1624.  Decided May 3, 1929

DeWoody & Keeney, Akron, and Slabaugh, Seiberling, Huber & Guinther, Akron, for Taplin Co.

Scwab & Heiser, Akron, for McMahon et.

FUNK, PJ.

The first error claimed is that the procedure was improper and that the court erred in the admission of certain evidence.

Upon the trial, plaintiffs called, for cross-examination under GC. Sec. 11497, a Mr. Clerken, who was the president and manager of defendant company and who negotiated said sale on behalf of defendant, as their first witness.

While being so examined, he was asked, among other questions, whether he had told plaintiffs, prior to and at the time they purchased said boiler and radiators, that if they purchased them and installed them according to plans which he would furnish, that he would guarantee that the boiler would heat their garage to a temperature of 50 degrees Fahrenheit in winter weather; he answered, "I did not": and when asked whether he did furnish plaintiffs with such a set of plans for installing the boiler, he said, "No, sir": and upon being asked whether he had not told a Mr. W. S. Roath, one of defendant's employes, that he promised plaintiffs 50 degrees of heat, he said, "No"; and when further asked whether he did not write said Roath a letter "in which you told him that you had promised us 50 degrees heat," the witness answered at one place, "I wrote a letter but it does not mean that we guaranteed fifty degrees heat," and in another place the witness answered the same question thus: "No, I did not. The letter will speak for itself and the date for it."

After the witness Clerken had testified as above set forth, both plaintiffs were called as witnesses in their own behalf, and testified that said Clerken had said to them that he would guarantee that said boiler would heat their garage to a temperature of 50 degrees Fahrenheit in zero weather if they would buy it and install it according to plans and specifications which he would furnish; that they did buy it and that defendant did furnish them with plans and specifications for installing said boiler, and that they installed it according to said plans and specifications, but that it did not heat their garage to any degree.

Plaintiff also called said Roath as a witness, who testified that said Clerken told him that he had promised plaintiffs that said boiler would heat their garage to a temperature of 50 degrees Fahrenheit, and requested him to prepare plans and make

a layout for installing said boiler; that he did prepare such layout and specifications at defendant's request, and that said Clerken did write him certain letters to come to defendant's offices to go over the matter and prepare the same.

A layout or plan for installing said boiler, which said witness Roath testified was prepared by him at the request of said Clerkin, and also three letters written by said Clerkin to said witness Roath, were admitted in evidence, over the objection of defendant.

It is contended by counsel for defendant that when plaintiffs called said manager as a witness, they were thereby precluded from proving statements made by him contradictory to those made as such witness and that they were bound by them and had no right to impeach his testimony.

The rule is fundamentl, without a statute, that a party always has the right to show what the material facts of a case are, although by so doing he may prove a fact to be otherwise than as sworn to by some witness of his own—whether such witness be the adverse party or a witness called by him in his own behalf. It is also just as fundamental that prior material admissions and declarations of a party against his interests, are competent independent evidence, and that material facts may thus be shown by the admissions and declarations of the opposite party as well as by other evidence.

It also clearly appears form the record that the evidence complained of was offered and admitted for the purpose of showing what the contract really was, by showing what was actually said and done between the parties, and not merely for the purpose of contradicting or impeaching the witness Clerkin; and counsel for defendant admit in their brief that said evidence was competent but for the fact that the witness Clerkin had been previously called by plaintiff for cross-examination and that the evidence admitted contradicted the testimony given by him.

The rule generally followed is that where a party calls the adverse party as a witness as upon cross-examination, he is concluded from introducing evidence for the sole purpose of impeaching such witness by showing either that his general character for truth is bad or that he had made previous contradictory statements; but where that is not the only purpose, and the evidence is competent against him concerning the facts contained in such admissions and prove a state of facts contrary to that to which such witness testified, the evidence is proper, even though it incidentally contradicts the testimony of such adversary witness.

We find this rule is supported by the great weight of authority, especially in states having a statute providing for the cross-examination of the adverse party.

However, a number of the decisions go further and hold that the rule that one cannot impeach his own witness by contradictory statements made out of court, is limited to the case of a witness who is not the adverse party called for the purpose of cross-examination, and that a party may show contradictory statements made by such adverse party out of court.

Koester v. Rochester Candy Works, 194 N. Y. Rep. 92 (87 N. E. 77).

We therefore hold that substantive evidence, material to the issue, which is conceded to be competent if the adverse party has not been called to testify as upon cross-examination under GC. Sec. 11497, is not rendered incompetent by reason of the fact that the adverse party has been so called and has so testified, merely because the necessary effect of such evidence is to contradict the testimony given by such adverse party while so testifying.

It thus follows that there was no error in the admission of the evidence concerning which complaint is made.

Finding no prejudicial error in the record, the judgment is affirmed.

Pardee, J, and Washburn, J, concur.