■ DOREEN MIDDLETON, an Infant, by Her Parent and Natural Guardian, FRANCIS J. MIDDLETON, et al., Respondents, v. RONALD LEVY, an Infant, by His Father and Natural Guardian, BENJAMIN LEVY, et al., Appellants.— Judgment entered March 17, 1969 in favor of plaintiffs Middleton in the sum of $47,930 and in favor of plaintiffs Carrozza in the sum of $5,215 entered upon the verdict of the jury in a negligence case, affirmed with $50 costs and disbursements to respondents. The injured plaintiffs were passengers in an auto-

mobile driven by defendant Ronald Levy and owned by his father, Benjamin Levy. On February 10, 1965 at about 9:30 P.M. while proceeding south in the right hand lane on the Harlem River Drive, the driver applied his brakes hard, swung his wheel sharply to the left causing his car to spin, strike an abutment and telephone pole and end up facing in the wrong direction in the passing lane for southbound traffic. The roadway was wet from rain, the street lights and the automobile's headlights were on. There was no other traffic on the highway nearby. Ronald saw an unlit taxicab in his lane ahead of him. He first thought the taxicab was moving. When he realized it was stationary he applied his brakes, lost control and plaintiffs were injured in the accident. There were only two areas of substantial dispute concerning the happening of the accident — the point where the accident happened and the distance at which it was possible to first observe the taxicab. Defendants seek a reversal asserting that the verdict awarded John Carrozza is excessive and that the trial court's errors in its rulings and charge deprived them of a fair trial. Specifically they complain that certain photographs taken four years after the accident should have been admitted in evidence; that their cross-examination of John Carrozza was unduly restricted; that the court should have submitted the issue of contributory negligence to the jury, and that the court committed prejudicial error in instructing the jury, " Of course I found no emergency ", and then charging the law of emergency. We have carefully considered each point raised by the defendants and find no necessity for extensive discussion of any except the last mentioned. While the award to Carrozza was generous we cannot say it was excessive as a matter of law. We find no facts in the record to justify a finding of contributory negligence on the part of either plaintiff. We find no error or abuse of discretion in excluding the proffered photographs, nor in limiting cross-examination of Carrozza. The Judge's statement prefatory to an otherwise flawless charge on the law of emergency that " Of course I found no emergency " was error. We conclude, however, that it was, in this case, harmless error, when read in context with the entire charge. (Simpson v. Kossar, 3 A D 2d 866.) The Judge made it clear to the jurors that it was their view and their findings which were to prevail and not his. Thus, he specifically told the jury "When * * * the court in its charge, shall disclose any view of the evidence held by * * * me which is not supported by any evidence you heard here, you are to reject such opinion. * * * or if I made any comment on the facts or stated any opinion, likewise, if you heard no evidence about that, then you are to disregard it. You must depend upon your own judgment formed after study of the evidence." In Itkin v. Ringer (12 A D 2d 732) cited in the dissent the trial court instructed the jury " that there was little dispute that the accident happened as a result of defendant's negligence". It is obvious that in Itkin the Trial Judge decided the ultimate issue, i.e., defendant's negligence. In this case the ultimate decision on the issues of an emergency situation and liability was not usurped by the court. They were clearly left to the jury for determination. Rare is the error-free record of a six-day jury trial. The Judge's statement did not deprive defendants of a fair trial. The issue of whether the emergency with which Ronald was confronted exonerated him from liability was fairly submitted to and determined by the jury. The jury found against him. There is no sound basis to disturb the verdict. Concur — Eager, J. P., Markewich and Nunez, JJ.; McNally and Macken, JJ., dissent in the following memorandum by Macken, J.: I dissent and vote to reverse and order a new trial. From the evidence the jury could find that as defendant operator, driving within the speed limit at night and in the rain, rounded a bend in the highway he came upon an unlighted taxicab stopped in his lane of traffic a short distance ahead of him and that the accident

was occasioned by his effort to avoid colliding with the stopped vehicle. While the court correctly instructed the jury as to the application of the emergency rule (*Rowlands* v. *Parks*, 2 N Y 2d 64), the charge in this respect was prefaced by the following: "There was some testimony here about an emergency. I think that was referred to as an alleged automobile which was in one of the lanes on the northerly portion of the road, going north. *Of course I found no emergency.*" In thus substituting its judgment for that of the jury the court improperly invaded the jury's province and in my view the error was clearly prejudicial. (*Itkin* v. *Ringer*, 12 A D 2d 732.) It was also error to limit the cross-examination of plaintiff Carrozza with respect to the description of the accident scene and as to possible prior admissions or inconsistent statements. (*Koester* v. *Rochester Candy Works*, 194 N. Y. 92; Richardson, Evidence [9th ed.], § 523.)